## NIELSEN, ADMINISTRATRIX, *v.* STEINFELD.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 218.   Argued April 17, 18, 1912.—Decided May 13, 1912.

There are exceptions to the general rule that a judgment on appeal from a territorial court should be affirmed where the record contains no exceptions or the statement of facts required by the statutes to enable the reviewing power to be exerted; and so *held*, in this case, that it is reversible error where the Supreme Court of a Territory refuses to perform its legally imposed duty of making its own statement of facts or adopting that of the trial court.

Where the judgment of a Supreme Court of a Territory is reversed for refusal to perform the statutory duty of making a statement, the case stands as though the appeal from the trial court were still pending; and if the Territory has been admitted as a State since the record came to this court, and the case is one within the jurisdiction of the state courts, it will be remanded to the Supreme Court of such State.

12 Arizona, 381, reversed.

THE facts, which involve practice regulating appeals from Supreme Courts of the Territories, are stated in the opinion.

*Mr. Edwin F. Jones*, with whom *Mr. William Herring* was on the brief, for appellant.

*Mr. Eugene S. Ives* for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Mary Nielsen, individually and as administratrix of the estate of her deceased husband, Carl S. Nielsen, commenced this action in 1905 in the District Court of

Pima County, in the then Territory of Arizona. Albert Steinfeld and the Nielsen Mining & Smelting Co., now the Silver Bell Copper Company, were named as defendants. The relief sought was the setting aside of a transfer made by Nielsen to Steinfeld of three hundred shares of stock in the Nielsen Company and for a decree adjudging Mary Nielsen (who is the appellant), as administratrix of her husband's estate, to be the legal owner of the stock. An accounting from Steinfeld of moneys received by him as dividends on the stock was also prayed.

The cause was tried by the court, without a jury, and evidence both oral and documentary was introduced on behalf of the plaintiff and defendants. The trial court made elaborate findings of fact upon which it entered judgment against Steinfeld for $23,300.00 with interest, and the shares of stock in controversy were decreed to be the property of the administratrix. The defendants appealed to the Supreme Court of the Territory. With the judgment roll there was filed in the office of the clerk of that court various exhibits of both plaintiff and defendants and the reporter's transcript of evidence, copies of which papers so filed, it was recited, were omitted from the transcript by direction of the attorneys for appellants. (*Steinfeld et al.*)

What errors were assigned on the appeal to the Supreme Court of the Territory do not appear in the transcript of record. It was conceded, however, in the argument at bar by the counsel of both parties that in the Supreme Court of the Territory it was insisted, on behalf of the appellants (*Steinfeld et al.*), that the decree of the trial court should be reversed, not only because there was no evidence sustaining various findings of the trial court which were material to its decree, but also because, taking the findings to be sufficiently supported by proof, they were nevertheless inadequate to sustain the decree which had been based on them. It therefore may be assumed

that the errors thus admitted to have been assigned in the Supreme Court are those referred to in the minute entry contained in the record, stating that a "motion and objection of the appellee to the consideration of assignments of error set forth and specified in appellants' brief" were denied by the Supreme Court.

The Supreme Court reversed the judgment of the trial court and remanded the cause with directions to enter judgment for the defendants. (12 Arizona, 381.) The opinion is preceded by what is denominated in the body of the opinion a statement of the facts. The statement begins with a brief recital of the nature of the controversy, the entry of judgment in the trial court and the taking of the appeal; and after the declaration that "the court (trial court) found the facts as follows," there appears a literal copy of the findings made by the trial court. In the opinion which next follows it is first declared that it was "contended by the appellants that the facts found do not constitute legal fraud, and that therefore the court erred in not so finding, and in rendering judgment for the plaintiff and against the defendants, based thereon." A summary is then made of what were styled "the facts upon which the court predicated fraud in the purchase of the shares of stock of Nielsen," followed by the statement that "unless these facts constituted legal fraud, the judgment of the trial court cannot be sustained." The court then considers whether the facts so found amounted to legal fraud, and concludes its consideration of the subject by saying (p. 405): "In our judgment the findings do not support the legal conclusion made by the trial court that such fraud was perpetrated by Steinfeld in the purchase of the stock as to warrant the rescission of the contract, and the recovery of the stock and of the dividends which have been received by Steinfeld thereon." It is then stated that "for this reason the judgment of the trial court must be reversed, and the case remanded,

with directions to the trial court to enter judgment for the defendant." The Chief Justice of the Supreme Court of the Territory dissented in the following words:

"I dissent from the conclusion and the result reached by my associates in the foregoing opinion. I think the judgment of the trial court was correct."

A motion for a rehearing was denied on May 1, 1909, and on the same day the appeal now under consideration was allowed by the Chief Justice of the court.

On June 10, 1909, there was filed *nunc pro tunc* as of May 1, 1909, what was styled in the Journal entry "a certain Statement of Facts," in which, under the title of the cause, it was recited as follows:

"I, Edward Kent, Chief Justice of the Supreme Court of the Territory of Arizona, do hereby certify that the Supreme Court of the Territory of Arizona, having adjudged that the facts as found by the District Court in this cause did not sustain the conclusions of law or the judgment of the District Court, did, without passing in this court upon the corrections (correctness?) of the facts as found by the District Court, remand this cause to the District Court with directions to that court to enter judgment absolute for the defendants.

"And on behalf of the said Supreme Court of the Territory of Arizona, I do hereby certify to the Supreme Court of the United States upon the appeal herein, that the following were the facts as found by the District Court upon which the said judgment of the Supreme Court of the Territory of Arizona was based."

This certificate was followed by a reproduction of the findings made by the trial court and the certificate concluded with the date of May 1, 1909, and the signature of the Chief Justice.

On June 12, 1909, a bond on appeal was duly filed. Five months afterwards, viz., on November 12, 1909, the following order was entered in the court below:

"At this day, it is ordered by the Court that all former Statements of Facts filed in this cause in this court, be, and the same are hereby, withdrawn, and a Certificate of the Chief Justice in regard to Statement of facts, filed."

The certificate referred to appears in the transcript of record following a recital of the entry of an order enlarging the time for preparing and filing such transcript. Omitting the title of the cause, date, and signature of the Chief Justice, the certificate reads as follows:

"I, Edward Kent, Chief Justice of the Supreme Court of the Territory of Arizona, do hereby certify that the Supreme Court of the Territory of Arizona, having adjudged that the facts as found by the District Court in this cause did not sustain the conclusions of law or the judgment of the District Court, did, without passing in this Court upon the correctness of the facts as found by the District Court, remand this cause to the District Court with directions to that Court to enter judgment absolute for the defendants, and therefore do not certify to the United States Supreme Court any statement of facts in the nature of a special verdict."

In the argument at bar it is urged on behalf of appellant —citing *Stringfellow* v. *Cain,* 99 U. S. 610, and *Bierce* v. *Hutchins,* 205 U. S. 340,—that as the Supreme Court of the Territory reversed the judgment of the trial court "for the reason that the facts as found are not sufficient to support the judgment," the court below must be held to have adopted as its own the findings of the trial court, and therefore there is an adequate statement of the facts in the nature of a special verdict as required by the act of Congress of April 7, 1874, 18 Stat. 27, c. 80. The appellees, on the other hand, relying upon the last certificate made by the Chief Justice on behalf of the court, direct attention to the fact that the court did not either adopt the findings of the trial court or make express findings of its own, since it simply accepted the findings made by the trial

court for a limited purpose, that is with the object of determining whether the findings, if hypothetically taken for true, were adequate to sustain the judgment which the trial court had based on them. It is not, however, suggested that this state of the record precludes a determination of whether the court below erred in deciding that upon the assumption of the correctness of the findings of the trial court they were inadequate to sustain its decree, but it is urged that under the circumstances, if it be deemed that the court below erred it would be a gross injustice to reverse, with directions to affirm the judgment of the trial court, because thereby the appellants in the court below, the appellees here, would be denied a hearing on the contention urged in the court below that there was no evidence sustaining some of the essential findings of the trial court.

As it is obvious from the final action of the court below as manifested by the last certificate of the Chief Justice that the premise upon which the suggestions last referred to rest is well founded, it is clear that the court below made no statement of facts complying with its statutory duty. It is equally clear under the circumstances stated that although the appellees apparently do not expressly assert the inadequacy of the purported statement of facts to sustain our jurisdiction to review, in effect their contention is equivalent to that proposition. This is true because the result of the proposition insisted upon is to contend that the statement of facts which the court below accepted for a particular purpose is sufficient to enable a review of its action if the conclusion be that the court below did not err, but is not sufficient to justify correction of its action if it be found that error was committed.

The evident duty imposed upon the court below by the statute, as long since established and repeatedly pointed out, was to make a statement of the facts in the nature of a special verdict either by adopting as correct

the, findings of fact made by the trial court or by making its own express findings, a duty which was plainly disregarded by merely hypothetically assuming the findings of the trial court to be correct, and basing upon such mere hypothesis a judgment of reversal with a direction to enter a final decree against the complainant.

The general rule is to affirm a judgment on an appeal from a territorial court where the record contains no exceptions to rulings upon the admission or rejection of evidence and where there is an absence of the statement of facts required by the statute to enable the reviewing power to be exerted, and when there is no showing that the appellant has used due diligence to exact a compliance with the statute so as to enable an appeal to be prosecuted. *Gonzales* v. *Buist*, 224 U. S. 126. We are of opinion, however, that the facts of this case cause it to be an exception to this general rule. First, because the action of the court below was plainly the result not of a mere omission to perform its duty to make a statement of facts, but arose from a misconception as to the nature and extent of its powers in discharging that statutory duty, a misconception not arising from any action of the party appellant here and which in itself therefore intrinsically we think constituted reversible error. Second, because the initial action by which the error was committed was ambiguously manifested and may have misled the unsuccessful party. Third, because the final order which made it indubitably clear that the court intended to make no findings of fact and deemed that consistently with the right to review its action which was vested in this court it had the power to decide the case upon a mere hypothesis as to the correctness of the findings of the trial court was entered months after the appeal now before us had been entered.

Considering the whole situation, we think we must treat the case upon the theory that the court below com-

mitted reversible error in refusing to perform the duty imposed upon it by law, and the reversal of its decree because of such error will have the legal effect of causing the case to be as though it were yet pending undetermined on the appeal from the trial court. As since the filing of the record here the Territory of Arizona has been admitted as a State, and the case before us is of a character which, by the terms of the enabling act (36 Stat. 557, ch. 310, § 33, p. 577), should be remanded to the Supreme Court of the State, our duty therefore is to reverse the decree of the Supreme Court of the Territory of Arizona and to remand the case to the Supreme Court of the State of Arizona for further proceedings not inconsistent with this opinion.

*And it is so ordered.*