# ROSALY, WIDOW OF RABAINNE, *v.* GRAHAM Y FRAZER.

APPEAL FROM THE SUPREME COURT OF PORTO RICO.

No. 64.    Submitted December 5, 1912.—Decided February 24, 1913.

The jurisdiction of this court on appeals from the Supreme Court of Porto Rico is confined to determining whether the facts found by that court support the judgment, and whether there was material and prejudicial error in the admission or rejection of evidence manifested by exceptions duly certified.

In the absence of findings on a special verdict there is nothing for this court to review except rulings on evidence, and in absence of error in those rulings the judgment must be affirmed.

When the judgment record itself discloses that the opinion of one of the judges deciding the case was made part of the judgment, this court may accept the statement of fact therein contained in lieu of more formal findings.

A finding by the appellate court that the fundamental fact of plaintiff's interest in the property sued for has not been proven is equivalent to a negative finding upon a fact essential to maintain the suit and supports a judgment of dismissal by the trial court.

16 Porto Rico 156, affirmed.

THE facts, which involve the jurisdiction of this court of appeals from the Supreme Court of Porto Rico and whether the facts found support the judgment in a suit to determine title to real estate in Porto Rico, are stated in the opinion.

*Mr. Jacinto Texidor* for appellant.

*Mr. Manuel Rodriguez Serra* and *Mr. Charles Hartzell* for appellee.

MR. JUSTICE PITNEY delivered the opinion of the court.

This action was brought in the District Court for the Judicial District of Ponce by the appellant against the respondent, for the purpose of establishing her ownership of an undivided interest in certain real property in Ponce

of which the defendant was in possession, and for setting aside the registration of possession and of ownership of the same property in the name of the defendant, alleged to have been fraudulently procured by him and to stand as a bar preventing the registration of the plaintiff's alleged undivided interest.

The action was fully tried before the District Court without a jury upon the issues raised by the plaintiff's amended complaint and the defendant's answer thereto, and the following decision was rendered:

"PONCE, P. R., *April 26th,* 1909.

"The question involved in this suit is to determine the rights of Doña Marcelina Rosaly in a property which she, as a member of a mercantile partnership, gave in lease to the defendant in the year 1880. The other members of said partnership were relatives of the plaintiff herein. It seems that in the year 1886 and following years, the defendant bought the respective interests of the several partners, and it seems, also, that he did not buy the interest belonging to Doña Marcelina, for the reason that she had lost her rights to an interest in the property belonging to said mercantile partnership. More properly speaking, the defendant acquired all the interests belonging to all such persons as he believed to have an interest in the property referred to. Twenty-three years have elapsed since the year 1886. The plaintiff lacks absolutely any means to show what was her interest in the properties of the partnership, and whether or not she had any interest whatever in the year 1886. There is absolute lack of evidence on the part of the plaintiff. This court does not look at old claims with favor, specially when the plaintiff's delay in bringing the action is not explained. Counsel for both parties have entered into a lengthy argument upon the construction of the Mortgage Law and other points. But the court does not make any decision with regard to

such questions at the present time. The most important matter is the absolute want of evidence on which to base a judgment in favor of the plaintiff. Therefore the action is dismissed with costs against the plaintiff.

"MARTIN E. GILL,
                    "District Judge."

Judgment having been rendered accordingly, the plaintiff appealed to the Supreme Court of Porto Rico. Thereafter her attorneys filed in the District Court what purports to be a full history of the proceedings at the trial. It is entitled "Statement of Facts and Bill of Exceptions," and is certified by Hon. Charles E. Foote (who succeeded Judge Gill as judge of the District Court), to contain a "true and accurate statement of all the evidence introduced, exceptions taken and proceedings had during the trial of this cause in the District Court of Ponce."

The Supreme Court of Porto Rico affirmed the judgment, Mr. Justice del Toro delivering the opinion (16 Porto Rico, 156), in which, after stating the issues raised by the pleadings, he reviews the evidence and states the conclusions of the court thereon as follows:

"The first question to be considered and decided is the following: Did the plaintiff prove her title? She alleged, as shown by the transcript made above, that she was, and has always been, the owner, in full ownership, of an undivided interest, equivalent to the sum of $6,253.67, in the total value of $27,443.67, which value was given to the estate left at the death of Don Mateo and Don Luis Rabainne in the partition proceedings of the said estate. The defendant denied said allegation. And the evidence shows the following:

"It is true that from the testamentary proceedings of Don Mateo and Don Luis Rabainne, executed before a Notary Public and recorded in a Notarial protocol on the 28th of January, 1870, it appears that the said Messrs.

Rabainne died, respectively, on the 23rd of April, 1868, and on the 8th of April, 1869; that the former left as heirs his widow, Doña Bernardina Franco, and his children Luis, represented by his daughter Luisa Rabainne y Rosaly; Ramona, represented by her children Jacobo, Ofelia and Herminia Lopez y Rabainne; Josefa; and Hortensia; and the latter, his said daughter Luisa, and his widow, the plaintiff Marcelina Rosaly; that the properties left at their deaths were constituted by whatever interest might belong to them in the partnership M. Rabainne é Hijos; that such partnership was liquidated by a deed executed on the 19th of January, 1870, by the heirs and representatives of both persons deceased; that among the properties belonging to said partnership there were the lot and building involved in this suit, which were valued at $9,108.00, and steam-engines, etc., valued at $18,335.67, both items aggregating $27,443.67, of which $18,000 belonged to the estate of Don Mateo, and $9,443.67 to that of Don Luis; and that the inheritance left by Don Luis was adjudicated as follows: to his widow Doña Marcelina Rosaly, the plaintiff, $6,253.67, in partial payment of the properties brought by her into her marriage, which amounted to $19,030.39, and of one half of the conjugal property belonging to her; and to his daughter Luisa $3,190.00.

"But the evidence shows that, although the above is true, the plaintiff contributed all the capital adjudicated to her, to the partnership which under the firm M. Rabainne é Hijos was constituted by her together with Doña Bernardina Franco, widow of Rabainne, and Don Jobo Lopez, by a public deed executed on the 8th of February, 1870. Such partnership which was to be engaged in the same line of business followed by the extinguished partnership of M. Rabainne é Hijos, constituted by Don Mateo and Don Luis, was extended by public deeds executed on the 22nd of April, 1873, and the 7th of July, 1875, and no

evidence has been introduced tending to show that the same has been duly and finally liquidated, there being several circumstances showing that said partnership continued, although, perhaps in an irregular manner, for several years longer.

"The plaintiff claims as owner of a certain co-ownership, and the evidence shows that she contributed said co-ownership to a mercantile partnership, to the fate of which said co-ownership was subject from that time. And the evidence shows further that a balance of said partnership having been made on the 30th of November, 1875, it appeared that the contribution of the plaintiff was reduced to $2,478.52, such as is shown by the deed containing the partition proceedings of the properties left at the death of Doña Bernardina Franco, widow of Rabainne, executed before a Notary Public, on the 6th of May, 1876, by the plaintiff herself and other persons, and that there are circumstances showing that years afterwards the plaintiff was debtor of the partnership, as shown apparently by the books of the latter.

"Such being the case, it follows that the first fact, which is the fundamental fact of the complaint filed in this case, has not been proven, and, consequently, that the judgment rendered by the District Court, is just and proper."

The numerous exceptions to the rulings of the trial court upon matters of evidence were then reviewed, with the result of determining that there was no legal error therein.

The resulting judgment was expressed as follows:

"SAN JUAN, PORTO RICO, March 11th, 1910.

"This Court has carefully examined the transcript of record filed in this case and considered the briefs and arguments of counsel for both sides, and for the reasons given in the Opinion filed herewith, the Court decides to dismiss the appeal and to affirm the judgment appealed

from, rendered by the District Court of Ponce on the 26th of April, 1909."

An appeal having been taken to this court, the following order was made:

"SAN JUAN, PORTO RICO, *19th of May*, 1910.
"As the Statement of Facts and Bill of Exceptions which was approved by the Hon. Charles E. Foote, District Judge for the Judicial District of Ponce, on the 15th of July, 1909, and which forms a part of the record on the appeal taken in the above entitled case, was the Statement of Facts and Bill of Exceptions considered and acted upon by this Court in the discussion and decision of said appeal, it is hereby ordered that the same be used as Statement of Facts and Bill of Exceptions, in this case, in the appeal taken by the plaintiff herein to the Supreme Court of the United States from the Judgment rendered by the Supreme Court of Porto Rico.
JOSÉ C. HERNANDEZ,
*"Chief Justice of the Supreme Court of Porto Rico."*

The cause has been argued here very much at large, and as if it were the duty of this court to review the evidence and reach its own conclusions of fact therefrom. This is a misapprehension of the proper function of this court in the premises. At the time the appeal was taken and the record made up § 35 of the act of April 12, 1900, chap. 191, known as the Foraker Act, was in force (31 Stat. 77, 85, since superseded by § 244 of the Judicial Code of March 3, 1911, 36 Stat. 1087, 1157, c. 231); by which it was enacted "That writs of error and appeals from the final decisions of the Supreme Court of Porto Rico and the District Court of the United States shall be allowed and may be taken to the Supreme Court of the United States in the same manner and under the same

regulations and in the same cases as from the supreme courts of the Territories of the United States," etc. Writs of error and appeals from the Supreme Courts of the Territories were regulated by act of April 7, 1874, chap. 80, § 2; 18 Stat. 27, 28; by which it was provided— "That on appeal, instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence when excepted to, shall be made and certified by the court below, and transmitted to the Supreme Court together with the transcript of the proceedings and judgment or decree."

Our jurisdiction, therefore, is confined to determining whether the facts found by the Supreme Court of Porto Rico support its judgment, and whether there was material and prejudicial error in the admission or rejection of evidence, manifested by exceptions duly certified. *Gonzales* v. *Buist,* 224 U. S. 126, 130; *Nielsen* v. *Steinfeld,* 224 U. S. 534, 538; *Eagle Mining Co.* v. *Hamilton,* 218 U. S. 513, 515; *Stringfellow* v. *Cain,* 99 U. S. 610, 613; *Neslin* v. *Wells, Fargo & Co.,* 104 U. S. 428, 429; *Haws* v. *Victoria Copper Mining Co.,* 160 U. S. 303, 313; *Harrison* v. *Perea,* 168 U. S. 311, 323; *Young* v. *Amy,* 171 U. S. 179, 183.

An examination of the "Statement of Facts and Bill of Exceptions" shows that it contains nothing that could by any stretch of construction be deemed a finding of facts in the nature of a special verdict. In the absence of such findings there is nothing for us to review except the rulings upon evidence, and, in the absence of error in those rulings the judgment must be affirmed. *Thompson* v. *Ferry,* 180 U. S. 484; *Gonzales* v. *Buist, supra; Eagle Mining Co.* v. *Hamilton, supra.*

But since the judgment record itself discloses that the opinion delivered by Mr. Justice del Toro was made a part of the judgment, we may, for present purposes,

accept the statement of facts contained in that opinion in lieu of more formal findings.

The essential facts as recited in the opinion may be summarized as follows. That prior to the year 1868, Don Mateo Rabainne and his son Don Luis Rabainne, as partners in the name of M. Rabainne é Hijos, were the owners of the property in question; that Don Mateo died April 23, 1868, and Don Luis died April 8, 1869; that the partnership was liquidated by deed executed January 29, 1870, by the heirs and representatives of the deceased partners; that in the liquidation a certain part of the interest of Don Luis was found to belong to his widow, the present plaintiff and appellant; that she, together with the widow of Don Mateo and with Don Jobo Lopez, son-in-law of the latter, entered into a new partnership to continue the former business under the firm name of M. Rabainne é Hijos, to which partnership the plaintiff contributed all her interest in the property in question; that the plaintiff's interest in the firm was subsequently reduced by withdrawals of capital, and finally extinguished, so that she became a debtor of the partnership. Therefore the Supreme Court held that the fundamental fact of the plaintiff's interest in the property at the time of her action against the defendant had not been proven. This is equivalent to a negative finding upon a fact essential to the maintenance of her suit, and it of course supports the judgment affirming the judgment of the District Court that dismissed the action.

There remains only the question whether prejudicial error was committed by the trial court respecting the admission or exclusion of evidence. There are numerous exceptions, with assignments of error based thereon. They have been examined, without finding substantial error in the rulings complained of. They do not merit detailed discussion here.

*Judgment affirmed.*