## SANFORD v. AINSA, ADMINISTRATOR.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF
ARIZONA.

No. 504.   Argued May 5, 1913.—Decided May 26, 1913.

This court rarely disturbs local decisions of the territorial courts on
   question of local practice.
The Supreme Court of the Territory, having held that under § 10 of
   Act 44 of 1899 of Arizona transferring cases from the District Court
   of one county to the corresponding court of another county newly
   organized, the former court retained jurisdiction until the conditions
   of the transfer were fulfilled, this court follows that decision.
13 Arizona, 287, affirmed.

THE facts are stated in the opinion.

*Mr. William C. Prentiss,* with whom *Mr. Fred McKee*
was on the brief, for appellants.

*Mrs. Sarah H. Sorin* and *Mr. Selim M. Franklin*, for appellee, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This was a suit to recover possession of land conveyed by the father of the appellants to them, pending a prior suit prosecuted by the appellee to quiet title in a tract of which this land was part. *Richardson* v. *Ainsa*, 218 U. S. 289. The plaintiff (appellee) got a judgment for possession and damages and the defendant took the case to the Supreme Court of the Territory.

The errors assigned before that court seem to have been first, the refusal of the court below to strike out a paragraph of the complaint that set up the decree in the former suit, the defendant contending that it appeared on its face to have been entered by a court having no jurisdiction; second, the overruling of a general demurrer; and besides these two, the overruling of a motion for judgment in defendant's favor, and of another motion for a new trial and in arrest of judgment, and the admission of incompetent evidence. The court declined to review the assignments other than the first two, both because they were too general and because the abstract of record before the court did not contain the evidence, and therefore it would have been necessary to examine the original transcript of the reporter's notes, contrary to the rules and practice of the court. Accordingly when the appellant moved for findings of fact in the nature of a special verdict the motion was denied, and the first contention of the appellants is that the case should be sent back for findings of fact. *Nielsen* v. *Steinfeld*, 224 U. S. 534.

We assume that the findings of fact desired were findings sufficient to open the last mentioned assignments of error for reconsideration here. But the only findings that the Supreme Court of the Territory could have made in

order to submit its rulings to revision would have been to the effect of what we have stated. It was not called on to reverse its decision that by correct local practice the merits were not before it in order to present the merits to this court. Therefore unless its decision on the question of practice was wrong its refusal to make the findings desired was right. But we rarely disturb local decisions on questions of local practice and we see no reason to do so in this instance. Therefore so far as all the assignments of error after the first two are concerned the judgment must be affirmed. *Armijo* v. *Armijo*, 181 U. S. 558, 561.

We see no ground for the demurrer unless it was intended to raise the same question as the motion to strike out the averments touching the previous suit. The basis of this motion was that the jurisdiction of the court where that suit was pending was ended before judgment by § 10 of Act 44, 20th Leg. Assembly, 1899. By that section all actions 'now pending' in the District Court of Pima County, where the property in controversy is situated in the new County of Santa Cruz, "shall be transferred to the proper courts of said County of Santa Cruz for trial," and it is made the duty of the clerks of Pima County to transmit all papers, provided that it shall not be the clerk's duty to do so until his fees and compensation allowed by the act shall have been paid or tendered to him, and until all costs due to the clerk and sheriff have been paid. The court of Santa Cruz is to acquire jurisdiction upon receipt by its clerk of the papers in the actions transferred. It was held by the Supreme Court—and we should follow the decision even if it were less obviously correct, *Gray* v. *Taylor*, 227 U. S. 51, 57—that the jurisdiction of the Pima Court remained until the conditions of transfer were fulfilled, and that no facts were alleged in the complaint showing that to be the case. No ground appears for disturbing the judgment below.

*Judgment affirmed.*