## UNITED STATES v. STEPHANIDIS et al.

District Court, E. D. New York.

Oct. 22, 1930.

See, also, 41 F.(2d) 958, 960.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie and Herbert H. Kellogg, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for plaintiff.

Kirlin, Campbell, Hickok, Keating & McGrann, of New York City, for defendants.

INCH, District Judge.

Reargument of this motion presents a question of power or lack of it in this court to grant certain relief to plaintiff.

In its desire to at all times allow a party to review its action, the court, on October 3, 1930, granted the relief in question. The defendant did not agree with such decision, and, very properly I think, urges this reargument, which, in effect, is a motion to vacate the said order of October 3, 1930, that the court had no "power" to grant the relief, and that, regardless of said motive of the court, the order of October 3, 1930, cannot avail.

This question of the power of the court, therefore, is the sole question to be decided, for, if the court has such power, the said order will not be disturbed. On the other hand, if such power is absent, the motion now made by defendant must be granted, the former motion of plaintiff denied, and the said order vacated.

Briefly, the facts are that plaintiff by a written contract had sold a certain steamship. The other parties to the contract were Stephen Stephanidis, vendee, and John Stephandis and John Benas, sureties, for the faithful performance by the vendee of said contract. By reason of a default in payment of the purchase price, the government sued the above vendee and sureties, instituting a common-law action for damages for the breach. At the trial the action, was duly severed as to Benas, and at the close of plaintiff's case the court dismissed the complaint as to the surety defendant John Stephanidis.

This was done for the reason that it plainly and without possible dispute appeared that, after the original contract had been entered into, and without any knowledge, consent, or privity on the part of the said surety, plaintiff, as said vendor, had made a new contract with the vendee Stephen Stephanidis containing different terms etc. This, as a matter of law, released said surety, and justified the dismissal of the complaint as to him.

The trial then proceeded against the defendant Stephen Stephanidis, the vendee. The case was submitted to a jury, and plain-

tiff recovered a verdict in the sum of $90,000. Interest has been added thereto by the court.

Thereupon, on May 29, 1930, not quite a month after the said trial, an order was duly entered dismissing the complaint as to the defendant John Stephanidis.

Later, on June 6, 1930, a judgment was entered in the office of the clerk of this court dismissing said complaint as to that defendant.

On September 4, 1930, plaintiff duly filed, in the office of the clerk of this court, a notice of appeal, order, and assignment of errors, etc., in behalf of plaintiff, appealing from the said judgment dismissing the complaint.

Judgment against Stephen Stephanidis for the sum of $90,000 in favor of plaintiff, together with interest making a total of $136,124.25, was later entered on July 8, 1930.

Plaintiff does not and has not appealed from said judgment of July 8, 1930, nor has said defendant so appealed.

During the 90 days from June 6, 1930, no order was asked for or signed extending the term for the purpose of settling a bill of exceptions in the appeal from said judgment of June 6, 1930.

However, plaintiff, after the said 90 days had so expired, and on or about October 3, 1930, applied for an order enlarging its time to docket the case in its appeal from the judgment dismissing the complaint in the Circuit Court of Appeals and to file the record on said appeal with the clerk of the circuit court and extending the term of the court 30 days for the purpose of settling a bill of exceptions in such appeal.

This order was granted by the court on the theory then urged by plaintiff and that the case should not be brought before the appellate court "in fragments." Arnold v. Guimarin & Co., 263 U. S. 427–434, 44 S. Ct. 144, 68 L. Ed. 371.

■ Counsel for John Stephanidis contends that the Arnold Case does not apply to the procedure followed in this case by plaintiff. After careful consideration, I must agree with this contention.

It should be borne in mind that the plaintiff has not appealed from the judgment against Stephen Stephanidis entered on July 8, 1930.

Rule 5 of the General Rules of this court is as follows: "For the purpose of taking any action which must be taken within the Term of the Court at which final judgment

or decree is entered, each Term of Court is extended for 90 days from the date of entry of final judgment or decree."

The judgment in question was entered on June 6, 1930. The term as extended by the rule expired September 6, 1930. There was no further extension granted.

■ Counsel for plaintiff states that one reason such application was not made before was that the judge in question was on his vacation. This is not a good excuse, for the reason that said judge during said period repeatedly signed orders in other matters sent to him by the clerk, and was available at all times within the district during the entire time.

Moreover, rule 26 specifically provides: "Before the expiration, ex parte orders may be signed by any Judge of the Court extending the term from time to time until after the record or bill of exceptions will be settled or filed."

No attempt was made to get such extension, nor was this the real reason for the failure to apply for an extension. The real reason appears to be that counsel for plaintiff did not think that such application was necessary on the ground that the 90-day rule in question did not commence to run until July 8, 1930, when the judgment in favor of plaintiff was entered. This judgment, however, is not appealed from by anybody.

The character, under the circumstances here, of the judgment dismissing the complaint, entered June 6, 1930, is indicated by such authorities as: In re Metropolitan Trust Company, 218 U. S. 312, 31 S. Ct. 18, 54 L. Ed. 1051.

The general rule that a dismissal of a complaint, prior to the rendition of the final judgment, disposing of the case against all defendants, is not the final judgment from which plaintiff can appeal, does not here apply, and this court was mistaken in thinking that the rule against taking up a case "in fragments" applied. Arnold v. Guimarin & Co., 263 U. S. 427, 44 S. Ct. 144, 68 L. Ed. 371.

To be sure, counsel for plaintiff argues that the defendant Stephen Stephanidis might have appealed, and this might have meant that there would have to be two bills of exception required to be settled. The answer to this is that there has been no such appeal taken by said defendant, and that, if plaintiff had been careful to observe the rules in regard to obtaining an extension of the term, there would have been no difficulty even in this regard.

The only judgment, therefore, appealed from is that entered on June 6, 1930, and plaintiff now seeks an order settling a bill of exceptions in that appeal long after the term as extended has expired. This cannot be done, for the reason that the court has lost jurisdiction and has no power to grant that relief. Exporters of Manufacturers' Products v. Butterworth-Judson Company, 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

In the Exporters' Case counsel sought by independent stipulation to obtain the relief, and an order was entered by the court on such stipulation. This order was held unlawful and vacated. In the case before me there was no such stipulation, but, on the contrary, counsel for the defendant opposes the application.

I fully realize that, in the absence of a bill of exceptions, the review of the appellate court is greatly restricted. Rosaly v. Graham, 227 U. S. 584, 33 S. Ct. 333, 57 L. Ed. 655. See exhaustive opinion of the late Judge Rogers, Buessel v. U. S. (C. C. A.) 258 F. 811; Goldfarb v. Keener (C. C. A.) 263 F. 357.

It seems to me that the law is plainly against the contention of plaintiff on the facts here presented. Michigan Insurance Bank v. Eldred, 143 U. S. 293–298, 12 S. Ct. 450, 36 L. Ed. 162. Consequently this court was in error in granting the order of October 3, 1930, and the same is hereby vacated and the motion of plaintiff denied on the ground that the court had no power on the facts presented to grant the motion and make the order.