## IMPERIAL BEVERAGE CORPORATION v. CHARLES E. HIRES CO.

### No. 4416.

District Court, E. D. New York.

Oct. 14, 1931.

Lewis J. Feinstein, of New York City, for plaintiff.

Hornblower, Miller, Miller & Boston, of New York City (Charles A. Boston and Mark F. Hughes, both of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendants for an order vacating and setting aside an order made and entered herein on September 19, 1931, which, by its terms, extended the return day of the citation herein to October 21, 1931, and extended the time for the plaintiff to procure to be settled and filed its bill of exceptions herein to and including October 21, 1931, and extended the term of this court, at which verdict herein was rendered and judgment entered to and including October 21, 1931.

The sole question for consideration is whether the court had power to make said order.

Judgment was entered in favor of the defendant herein on May 22, 1931. The notice of appeal, assignment of errors, bond on appeal, and order allowing the appeal were all filed on August 22, 1931. The citation on the appeal was made on August 22, 1931, and was made returnable before the Circuit Court of Appeals on September 21, 1931. For the purpose of this application, the defendant concedes that the citation was duly issued and served on August 22, 1931. Pursuant to the rules of this court, the term was automatically extended ninety days, to wit, August 20, 1931.

Between May 22, 1931, the date of the entry of the final judgment, and August 20, 1931, no application was made for an order extending the term beyond August 20, 1931, and no order was made extending the term. No proposed bill of exceptions was presented to the court during the ninety-day period.

On September 19, 1931, the plaintiff made an application to this court upon notice to the defendant for an order extending the return day of the citation, extending the time for the plaintiff to procure, settle, and file its bill of exceptions, and extending the term of this court to October 21, 1931.

Upon the argument of the motion, due to the shortness of time and in order to preserve whatever rights the plaintiff had, plaintiff's motion was granted, and an order was

entered thereon on September 19, 1931. At that time counsel for the defendant was advised that the court would consider an application to vacate said order of September 19, 1931. The motion made herein is for that purpose. The court was without power to grant the order of September 19, 1931, said order having been made and entered after the expiration of the term at which final judgment was entered.

Rule V of the General Rules of this court provides: "For the purpose of taking any action which must be taken within the term of the Court at which final judgment or decree is entered, each term of Court is extended for 90 days from the date of entry of the final judgment or decree."

Rule XXVI of the General Rules of this court provides: " * * * Before the expiration of the term ex parte orders may be signed by any judge of the Court extending the term from time to time until after the record or bill of exceptions has been filed, but no record or bill of exceptions will be settled or filed after the term as extended by Rule 5 or by special order has expired. The appellant shall cause the proposed record or bill of exceptions when settled by the court to be filed within the time limited and within the term as extended and so as to comply with the provisions of sections 997, 1000 and 1007 of the Revised Statutes as to the giving of security and as to the perfecting an appeal."

There is no power in the court to settle bills of exceptions after the term has expired, and there is no power in the court to make an order extending the term or extending the time within which a party may procure to be settled his bill of exceptions by an order nunc pro tunc. In re Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; United States v. Stephanidis et al. (D. C.) 46 F.(2d) 691. The bill of exceptions should have been settled within ninety days after the date of the entry of the final judgment; that is, on or before August 20, 1931. Up to August 20, 1931, the court, upon a proper showing, would have the power to extend the term beyond the ninety-day period.

Judge Inch, in the case of United States v. Stephanidis, supra, in a well-considered opinion, decided that there was no power in this court to extend the time for settling a bill of exceptions on an appeal from a judgment dismissing the complaint after the expiration of the term at which judgment was entered.

The plaintiff contends that the allowance of the appeal and the issuance of the citation thereon extended the term or the time for settling the bill of exceptions. This contention is untenable.

The court realizes the difficulty in which the plaintiff is placed in attempting to review the judgment without having filed a bill of exceptions. The court, however, is without power to permit the filing of a bill of exceptions after the term has expired. The allowance of the appeal and the issuance of the citation thereon in itself did not extend the time for settling the bill of exceptions. The allowance of bills of exceptions is entirely separate and distinct from the procedure for the allowance of appeals. Neither one could possibly have an effect upon the other.

Motion to vacate the order will therefore be granted. Settle order on notice.