**KEYSTONE COLLECTION SERVICE, INC., Plaintiff,**

v.

**COMMONWEALTH OF PUERTO RICO and the Department of Labor of the Commonwealth of Puerto Rico, Defendants.**

Civ. No. 74–716.

United States District Court,
D. Puerto Rico.

Sept. 6, 1974.

---

Frank Carbo and Victor J. Pagan, Santurce, P. R., for plaintiff.

Secretary of Justice, Com. of Puerto Rico by Rolando A. Silva, Atty., Old San Juan, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On June 21, 1974, plaintiff, Keystone Collection Service, Inc., filed this complaint for injunctive relief pursuant to the provisions of Title 28, United States Code, Section 2281 and Title 28, United States Code, Section 2284.

On June 26, 1972, Carmen M. Oquendo was hired by plaintiff as a temporary employee for a trial of ninety (90) days after which time she became a perma-

nent employee, having resigned on July 13, 1973. María de los Angeles del Valle, was hired during September 1971 and had become a permanent employee of Keystone Collection Service, Inc. when she was fired in July 1973. At the end of 1972, all plaintiff's employees received a Christmas bonus. Carmen M. Oquendo and María de los Angeles del Valle were not paid a Christmas bonus for the year 1973 because in the opinion of the Manager of the corporation these two ex-employees did not merit such a bonus.

On June 19, 1974, plaintiff was asked by the Labor Department of the Commonwealth of Puerto Rico to pay the alleged deficiency and a penalty.[1]

The initial inquiry the Court has to make before it decides to convene a three judge court, is whether the complaint complies with the requirements of Section 2281 of Title 28, United States Code.[2]

■ Under the cases, (1) a state statute or regulation must be challenged; (2) *a state officer or local officer performing a state function must be a party defendant*; (3) injunctive relief must be sought; and (4) it must be alleged that the statute or regulation violates the Federal Constitution. See Gilhool v. Chairman, 306 F.Supp. 1202 (D.C.Pa.1969); Marin v. U. P. R., 346 F.Supp. 470 (D.C.P.R.1972).

■ We are obliged to treat the Commonwealth of Puerto Rico's statutes or regulations the same as if Puerto Rico were a State for purposes of Section 2281 jurisdiction, Mora v. Mejías, 115 F.Supp. 610 (D.C.P.R.1953); Wackenhut Corp. v. Aponte, 266 F.Supp. 401 (D.C.P.R.1966); Calero-Toledo v. Pearson Yacht, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

■ The state statutes or regulation challenged must be challenged so that a substantial constitutional claim be at issue. Swift & Co. v. Wickman, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

■ The constitutional question may be unsubstantial either because it obviously has no merit, Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), or because prior decisions of the United States Supreme Court have settled the question. Turner v. Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962).

There is no problem in this case with requirements (1), (3) and (4). The problem is with the second requirement —that the parties defendant be state or local officers performing a state function. The named defendants here are the Commonwealth of Puerto Rico and the Department of Labor of the Commonwealth of Puerto Rico.

■ Plaintiff's petition may be construed as a request for injunctive relief. But we do not have jurisdiction to entertain this petition because it does not, at least meet, the requirements of Title 28, United States Code, Section 2281, by being specifically directed against *any officer of such state* in the enforcement or execution of * * * a specific statute (emphasis added). See Hall v. State of New York, (2 Cir. 1966), 359 F.2d 26.

In Collins v. Viceroy Hotel Corporation (N.D.Ill.1972), 338 F.Supp. 390, 394 (1972), the court stated the following:

"... As the Supreme Court stated in Phillips v. United States, 312

---

1. It has been established by law a penalty of half of the amount due as bonus in addition to the two percent of the employee's salary payable under the law.

2. Section 2281 of Title 28, United States Code, reads as follows:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

U.S. 246, 251, 61 S.Ct. 480, 483, 85 L. Ed. 800 (1941), the three-judge court provision is not a 'measure of broad social policy to be construed with great liberality,' but rather is 'an enactment technical in the strict sense of the term and to be applied as such.'

*"Thus since no state officer has been named a party defendant, 28 U.S. C. 2281 is inapplicable and this case can be heard and decided by this Court."* (emphasis added).

■ As part of its complaint, plaintiff alleges it is a corporation against which State statute is being enforced in detriment to its existence as an organization in a free enterprise system. It is also alleged that the action here instituted is considered a state action.

We must presume that this is an action under the provisions of Section 1983 [3] of Title 42, United States Code, even though it is not specifically alleged in the complaint as required by law.

One of the defendants in this case is the Commonwealth of Puerto Rico.

■ A state is not a proper defendant under this section since it is not a person within this section. Harty v. Rockefeller (D.C.N.Y.1972), 338 F.Supp. 367. A state is body politic and not a person amenable to suit under this section. Shapiro v. State of Maryland (D. C.Md.1972), 336 F.Supp. 1205. The word "persons" as used in this section does not include a state acting in its sovereign capacity. Hewitt v. City of Jacksonville (5 Cir. 1951), 188 F.2d 423, cert. den. 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631; Clark v. State of Washington, 9 Cir., 366 F.2d 678.

■ The Commonwealth of Puerto Rico possesses many of the attributes of sovereignty possessed by the states, immunity from suit without consent being one of them. Rosaly v. Graham y Franzer, 227 U.S. 584, 33 S.Ct. 333, 57 L.Ed. 655 (1913); Peñagarícano v. Allen Corp., 1 Cir., 267 F.2d 550 (1959); Krisel v. Duran (S.D.N.Y.1966), 258 F. Supp. 845.

In Krisel v. Duran, supra, the Court stated the following:

*". . . and if it appears that the Commonwealth is the real substantial party against whom the claim is asserted, the jurisdictional attack based upon the plea of sovereign immunity must be upheld even though the Commonwealth is not specifically named as a defendant."*

■ It has been decided that State agencies which are but arms of the State government are not persons for purposes of the Civil Rights Act. Allison v. California Adult Authority (9 Cir. 1969), 419 F.2d 822. The Second Circuit Court of Appeals has held that the New York State Department of Social Services is not a person within this section. Rosado v. Wyman (2 Cir. 1969), 414 F.2d 170, revd. on other grounds 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442.

In Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the United States Supreme Court held that the City of Chicago was not a person for purposes of the Civil Rights Act. The doctrine of Monroe v. Pape, supra, has been held applicable to many political subdivisions of the State including counties,[4] towns,[5] school districts,[6]

---

3. Title 42, U.S.C.A., Section 1983, reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

equity, or other proper proceeding for redress."

4. Dodd v. Spokane County (9 Cir. 1968), 393 F.2d 330; Garrison v. County of Bernalillo (10 Cir. 1964), 338 F.2d 1002.

5. Brown v. Caliente (9 Cir. 1968), 392 F.2d 546.

6. Harvey v. Sadler (9 Cir. 1964), 331 F.2d 387.

boards of education,[7] housing authorities,[8] police departments[9] and state colleges.[10]

In view of the foregoing, the motion to dismiss filed by defendants is hereby granted.

It is so ordered.

7. Patton v. Bennett (D.C.Tenn.1969), 304 F.Supp. 297.

8. Randell v. Newark Housing Authority (D.C.N.J.1967), 266 F.Supp. 171.

9. Burmeister v. City Police Dept. (D.C.N.Y. 1967), 275 F.Supp. 690.

10. Whitner v. Davis (9 Cir. 1969), 410 F.2d 24.