TREAT, TREASURER OF COCONINO COUNTY, ARIZONA, *v.* GRAND CANYON RAILWAY COMPANY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 86.    Argued December 8, 11, 1911.—Decided January 9, 1912.

Where it is inherently legal and protects private rights, the construction given a local statute by the Supreme Court of a Territory will be followed by this court, unless there is such manifest error as to warrant reversal.

In this case this court follows the construction, given to a territorial statute of Arizona by the Supreme Court of that Territory, that an exemption from taxation of certain railroad property went with the land and extended to assigns of the first road.

12 Arizona, 69, 117, affirmed.

THE facts are stated in the opinion.

*Mr. Elias S. Clark* and *Mr. William C. Prentiss*, with whom *Mr. Henry F. Ashurst* was on the brief, for appellants:

The exemption laws do not amount to a contract protected by the constitutional guarantee. *Wisconsin &c. Co.* v. *Powers,* 191 U. S. 379.

Although these acts confer the exemption upon the constructing company, its successors and assigns, the words successors and assigns are not words of contract, but merely expressions of legislative intent to be considered and construed in connection with the expression of legislative intent to be found in the statute under which the purchasing company derives its franchise and authority to succeed the constructing company.

Even if these acts amounted to contracts with the constructing companies, the constitutional guarantee would extend only to those companies, and whether or not the exemption would pass to a successor or assign would likewise depend on the legislative intent to be determined in the same manner. *Rochester R. R. Co.* v. *Rochester,* 205 U. S. 236.

Section 8 of the railroad law (No. 3) of Arizona of 1897, is effective to deprive a corporation created under Act No. 3 of 1897 of the power to succeed to an exemption from taxation under then existing or future law of the Territory of Arizona.

This is also rendered clear by the legislative history of Act No. 3. Section 8 was not in the bill as introduced, but was inserted as an amendment while the bill was under consideration in the Council. See Journal of the Legislative Assembly of Arizona, 1897, Council Bill No. 3, pp. 321 and 346; see also Act No. 28, of 1897.

The trial court reached the conclusion that the property of the railway company was not exempt from taxa-

tion under existing law, for the reason that such exemption as its predecessor in interest, the Sante Fe and Grand Canyon Railway Company, may have had, did not pass to the plaintiff under and by virtue of its purchase of the latter's property. *Memphis Railroad Co.* v. *Commissioners*, 112 U. S. 617; *Chesapeake & Ohio Railway Co.* v. *Miller*, 114 U. S. 176. The Supreme Court held otherwise.

The rule that in case of doubt regarding the meaning of a territorial statute, this court will lean to the construction placed upon the same by the Supreme Court of the Territory has no application to this case, as it cannot be reasonably claimed that any doubt exists of the legislative intent to deny exemption from taxation to companies purchasing railroad property and franchises at judicial sale. But should doubt be suggested, and the claim be made that it is such as should incline the court to lean to the construction given by the court below, then under the settled rule that doubt must be resolved against the exemption, the effect is the same as though the legislative intent to deny the exemption were unmistakable, and the ruling of the court below resolving the doubt in favor of the exemption was clearly wrong.

*Mr. Robert Dunlap*, with whom *Mr. T. J. Norton* and *Mr. Gardiner Lathrop* were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the Railway Company, the appellee, to restrain the collection of taxes from which it says that it is exempt. The facts in brief are these: A predecessor of the appellee, the Santa Fe and Grand Canyon Railroad Company, between August, 1899, and October, 1900, built over fifty-six miles of the road concerned In July, 1901, this road was sold on foreclosure sale to pur-

chasers who organized the appellee and in August' conveyed the road to it. The new company finished the road to the edge of the Grand Canyon and laid out stations and hotel grounds at the end. In 1906 the Territorial Board undertook to levy the tax complained of. The Supreme Court held that the appellee was exempt. 12 Arizona, 69; 95 Pac. Rep. 187; 12 Arizona, 117; 100 Pac. Rep. 438.

The railroad company was organized under Act No. 3, February 8, 1897, of the Territory (Laws 1897, p. 5) which authorized such corporations to be formed for the purpose of buying the property of railroads sold on foreclosure, and to buy· and exercise "all the rights, privileges, franchises, immunities and powers" of their predecessors. By § 7 such corporations were to have all rights, immunities, &c., then or thereafter given to any railroad organized under the general laws; but by § 8 it was provided that the act should not be construed "to give to any corporation created under it, any exemption from taxation created by any existing or future exemption laws of the Territory of Arizona." The question does not stand on this act alone, however, and the cases discussed in *Rochester Railway Co.* v. *Rochester*, 205 U. S. 236, for by a later statute of March 16, 1899, No. 68 (Laws 1899, p. 79) "for the purpose of inducing and encouraging the construction of railroads" it was provided that the "property used or necessary in the construction and operation of railroads," of roads thereafter constructed, "whether owned or operated by a person or persons, association or railway corporation, his their or its successors or assigns," should be exempt from all manner of taxation for ten years from the date of the act. The Supreme Court held that this exemption was *in rem*, so to speak, went with the land, and extended to the assigns of the first road.

No doubt a strong argument can be made and was made for a different view, based on the passage before and on the date of the act of 1897 of statutes like that of 1899.

But the considerations that prevailed also are cogent and so obvious as not to need statement. Moreover, the question is not whether the later statute constituted a contract, *Damon* v. *Hawaii*, 194 U. S. 154, 160; *Wisconsin & Michigan Ry. Co.* v. *Powers*, 191 U. S. 379. The courts of the Territory have given to the railroad the rights that it claims, as against the territorial authorities seeking to levy the tax. The only question is whether any sufficient reason appears for not following the construction given to a local statute by the territorial court, when that construction is inherently reasonable, is at least the first to strike the mind, and is one that protects private rights. It is enough to answer that, on the principle followed so far as may be by this court, there is no such manifest error as to warrant us in reversing the decision below. *Fox* v. *Haarstick*, 156 U. S. 674, 679. *English* v. *Arizona*, 214 U. S. 359, 361, 363.

*Judgment affirmed.*