GRAY v. TAYLOR ET AL., AND LINCOLN COUNTY, TERRITORY OF NEW MEXICO.

TERRITORY OF NEW MEXICO, BY CLANCY, ATTORNEY GENERAL, ON THE RELATION OF ARAGON v. BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY, NEW MEXICO.

APPEALS FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

Nos. 322, 483.  Submitted January 6, 1913.—Decided January 20, 1913.

In determining whether a statute is a local act of the nature prohibited by the Constitution, the legislature will not be supposed to be less faithful to its obligations than the court.

A local law means one that in fact even if not in form is directed only to a specific spot.

A law is not necessarily a local law because it happens to affect a particular spot.

The law of New Mexico Territory requiring that changes of county seats shall not be made under certain conditions is not violative of the act of 1886 prohibiting the Territory from passing local laws because those conditions happen to apply to certain localities.

In determining questions from the Territories not based on Federal law this court inclines towards following the local courts, *Treat* v. *Grand Canyon Ry. Co.*, 222 U. S. 448, and so *held* as to questions relating to the passage of an act of the legislature of the Territory.

Following the Supreme Court of the Territory *held* that the act of the legislature was properly passed, and the petition for change of county seat, and the ballots were not irregular.

A statute requiring the appointment for certain elections of a Registration Board sixty days before election does not apply to a special election ordered by a subsequent act to take place within sixty days after presentation of a petition.

15 New Mex. 742 and 16 New Mex. 467, affirmed.

THE facts are stated in the opinion.

*Mr. T. B. Catron* and *Mr. George B. Barber* for appellant:

Chapter 80 of the Laws of 1909, relied on as the basis of the right to change the county seat in question, is both a local law, and also a special law, and if otherwise legally enacted is in violation of the Springer Act of July 30, 1886, and is illegal and void and conferred no right to change a county seat in New Mexico.

As to what constitutes a local, special act, or private acts, see *People v. Supervisors*, 43 N. Y. 16; *Matter v. Henneberger*, 155 N. Y. 424–427; *People v. O'Brien*, 38 N. Y. 193; *Ferguson v. Ross*, 126 N. Y. 464; *Closson v. Trenton*, 48 N. J. L. 439; *Commonwealth v. Patten*, 88 Pa. St. 260; *Davis v. Clark*, 106 Pa. St. 260; *McCarthy v. Commonwealth*, 110 Pa. St. 246 *et seq.*; *Montgomery v. Commonwealth*, 91 Pa. St. 125; *Devine v. Commissioners*, 84 Illinois, 591 *et seq.*; *State v. Herrman*, 75 Missouri, 346; *Scowden's Appeal*, 96 Pa. St. 424–425; *Klokke v. Dodge*, 103 Illinois, 125; *State v. Mitchell*, 21 Oh. St. 592; *State v. Judges*, 21 Oh. St. 11; *Strange v. Dubuque*, 62 Iowa, 205; Suth. on Stat. Const., §§ 127, 128, 129, and cases cited; Smith's Com., §§ 595, 596; Sedgwick, Const. Law, 32; Potters' Dwarris on Stats. 355; *Ex parte Westerfield*, 55 California, 552; *Desmond v. Dunn*, 55 California, 251; Sedgwick on Stat. Cons., § 127; *Van Riper v. Parsons*, 40 N. J. L. 123; *Zeigler v. Gadis*, 44 N. J. L. 363; *Hammer v. State*, 44 N. J. L. 669; *People v. Supervisors*, 43 N. Y. 16.

Private acts are those relating to a particular place, or to several particular places, or to one or several particular counties. 1 Kent, Comm. 415; 3 Bouvier Institutes, 95; Jacob's Law Dict. voce Statute; 2 Dwarris on Statutes, 463; *Ferguson v. Ross*, 126 N. Y. 464; *Matter v. Henneberger*, 155 N. Y. 425; *Van Giessen v. Bloomfield*, 47 N. J. L. 442; *Closson v. Trenton*, 48 N. J. L. 440; *Davis v. Clark*, 106 Pa. St. 384; *McCarthy v. Commonwealth*, 110 Pa. St. 246.

It is admitted that classification, even where not specially recognized by nature, custom, the laws of trade, or the Constitution must, in certain cases, be adopted *ex necessitate,* as in the case of cities under the act of May 23, 1874; *Wheeler* v. *Philadelphia,* 27 P. F. S. 338, and *Kilgore* v. *Magee,* 4 Nor. 401. See also *Davis* v. *Clark,* 10 Out. (106 Pa. St.) 377; *Commonwealth* v. *Patten,* 7 Nor. 260, and *Scowden's Appeal,* 15 Nor. 425.

Of all forms of special legislation that under the attempted disguise of a general law is the most vicious. *Devine* v. *Commissioners,* 84 Illinois, 591; *Klokke* v. *Dodge,* 103 Illinois, 126. See also *Codlin* v. *County Commissioners,* 9 New Mex. 577.

Chapter 80 of the Laws of 1909, even if it was not a local or special law, never was legally enacted, was not approved by the governor nor was it ever signed by the president of the council or speaker of the House of Representatives. There is no evidence that it ever reached the governor more than three days before the adjournment of the legislature. See § 1842; Rev. Stat.; *Field* v. *Clark,* 143 U. S. 671; *Panghorn* v. *Young,* 32 N. J. L. 30; Cooley on Const. Lim., 7th ed., 124.

The plaintiff made a prima facie case, and the burden was thrown on defendants to establish the necessary facts to show that Chapter 80 has become a law by legal enactment. *State* v. *Howell,* 26 Nevada, 98; *State* v. *Swift,* 10 Nevada, 182 *et seq.; Sherman* v. *Story,* 30 California, 256.

The provisions of the second clause of § 631 of the Compiled Laws prescribing the form of the ballot is not and cannot be made applicable to the election in question, the ballot as prescribed is in an unintelligible form to the average voter, is deceiving and misleading and makes it uncertain to the average voter how he should vote, and this is also applicable to the order for the election which prescribed the form of the ballot.

The election was void because no petition "asking for

the removal of the county seat of said county to some other designated place," or to Carrizozo was ever presented to or acted on by the Board of County Commissioners of Lincoln county, when they called the election to be held August 17, 1909.

A petition of this kind, which did not inform the signer that he was actually asking for the removal of the county seat to Carrizozo, as the statute required he should do before an election was held, is deceptive; doubtless signers were deceived by believing that the petition only asked for a vote on the proposition, and that the time was opportune for them to vote on it so as to retain it at Lincoln. *Lilly* v. *Lakin*, 56 Alabama, 122; *Tally* v. *Grider*, 66 Alabama, 122; *Lanier* v. *Padgett*, 18 Florida, 843–844; *McKinley* v. *Commissioners*, 26 Florida, 264 *et seq.*; *Zeiler* v. *Chapman*, 53 Missouri, 405–406; *State ex rel. Lexington* v. *Saline Co.*, 45 Missouri, 242; *State* v. *Saline Co. Ct.*, 48 Missouri, 390; *State* v. *Woodson*, 67 Missouri, 336; *State* v. *Albin*, 44 Missouri, 348–349; *Detroit* v. *Bearss*, 39 Indiana, 598; *People's Bank* v. *Pomona*, 48 Kansas, 55; *Culver* v. *Hayden*, 1 Vermont, 359; Blackwell, Tax Titles, 213; *Pitkin* v. *McNair*, 56 Barb. 77–78; *Wheeler* v. *Mills*, 40 Barb. 644; *Brun* v. *Eastman*, 50 Barb. 639; *People* v. *Kopplekom*, 16 Michigan, 342; *Nefzger* v. *Railway*, 36 Iowa, 644; *State* v. *Piper*, 17 Nebraska, 618, 619; *Adrienne* v. *McCafferty*, 2 Rob. (N. Y.) 353.

The order made by the Commissioners for an election did not specify that the election was to be held for any purpose, and was therefore a nullity.

The election is also void because there was no registration of the voters.

Unless the legislature provides for the special election to be held in such limited time only as will not admit of a registration, and will not be within the power of the Board to give time enough to make the registration, the registration law must be complied with; if it is possible

to comply with it, it must be done. *State* v. *Scarburox,* 110 N. C. P. 232; *Smith* v. *Board of Comm.,* 45 Fed. Rep. 725· McCrary on Elections, 2d ed., § 193.

*Mr. John Y. Hewitt* and *Mr. Andrew H. Hudspeth* for appellees

MR. JUSTICE HOLMES delivered the opinion of the court.

The first of these suits is a bill in equity brought by tax-payers to restrain the County Commissioners of Lincoln County from erecting a court house and jail in the town of Carrizozo, the board assuming that the county seat has been changed from Lincoln to that town. The second is a quo warranto at the relation of a tax-payer against the same board to stop the same and other proceedings taken by the board on the same ground. The Supreme Court of the Territory affirmed a decree dismissing the bill and also a judgment denying the quo warranto. 15 N. Mex. 742. 16 N. Mex. 467. Both cases raised the question whether the attempted change of the county seat was void, and turn on the same facts, which may be stated in connection with the several objections that the appellants take.

In the first place it is said that the statute under which the attempted change took place is void because it is a local law, and the act of Congress of July 30, 1886, c. 818, § 1, 24 Stat. 170,' provides that the Legislature of the Territory shall not pass local or special laws in the matter among others of changing county seats. The statute, being c. 80 of the Laws of New Mexico of 1909, is thought to be local because by § 2 it enacts that the place to which it is proposed to remove the county seat 'shall be at least twenty miles distant from the then county seat of said county, and that no proposition to remove a county seat from a place situated on a railroad to one not so situated shall be entertained. It is argued at great length and is obvious that at any given time this enactment does not bear in the same way on every part of the Territory.

In its present form the statute may be specially favorable to the change from Lincoln to Carrizozo, if, as is said, the latter town is on a railroad and Lincoln is not. It may be admitted that a local act could be disguised in general terms, if a legislature would condescend to evading its duties under a constitution or organic act. It may be assumed that general words are not necessarily enough to disguise such an intent. But it is not lightly to be supposed that a legislature is less faithful to its obligations than a court. General words indicate and affirm a general intent, and if the fact that different sections are differently affected is enough to make a law local the field of legislation would be narrowed beyond anything that Congress could have dreamed. It cannot have been intended for instance that no laws should be passed concerning cities or towns, yet such laws would be local in their application. The phrase local law means, primarily at least, a law that in fact if not in form is directed only to a specific spot. If it has a wider meaning it involves questions of degree that cannot be decided by putting cases other than the one before us. We know nothing that would warrant us in declaring that this law was not intended according to its purport to regulate generally the change of county seats. *Ritchie* v. *Franklin County*, 22 Wall. 67.

The full discussion in *Codlin* v. *Kohlhousen*, 9 N. Mex. 565, has lost but little of its force and applicability notwithstanding the later amendment of the statute. The law is shown not to be a local law, and with regard to the twenty-mile limit it is said to be only reasonable to believe that the Legislature intended, in fixing it, "to prevent cities and towns situated within a few miles of each other from engaging in those injurious contests for the supremacy for the location of the county seat, based upon population only. The wisdom of these conditions is apparent, and it is within the power of the legislature to make them."

However it may be as to the foregoing question, which

arises under an act of Congress, the other objections are of a kind as to which we often have intimated our strong leaning toward following the local courts, and therefore will not be discussed at length. *Fox v. Haarstick,* 156 U. S. 674, 679. *Treat v. Grand Canyon Ry. Co.,* 222 U. S. 448, 453. In the first place it is said that the statute was not approved by the Governor and does not appear to have reached him more than three days before the adjournment of the Legislature so as to have become a law by Rev. Stat., § 1842. Also it is said that the bill was not signed by the President of the Council or the Speaker of the House of Representatives, as required by the respective rules of those bodies. But the act appears in the official copy of the laws of 1909, it passed the two houses in fact, and in ample time to be submitted to the Governor. The Governor returned the bill to the Council with the statement that he had allowed it to become a law by limitation. We agree with the court below that the Governor's message is as good evidence as a note of the date on the bill that the bill had been received long enough before the return to make his statement correct. *Gardner v. Collector,* 6 Wall. 499, 508, 509. The journals of the two houses showed the passage of the bill and we certainly should not reverse the local decision that the evidence, if necessary, was admissible and sufficient in aid of the act.

The next objection is to the form of the petition by which the proceedings for the change were begun. The statute provides that the Board of County Commissioners shall order a vote whenever citizens of a county equal in number to at least one-half of the legal votes cast at the last preceding general election in the county shall present a petition asking for the removal of the county seat to some other designated place. The petition asked the Board "to call an election and submit to a vote . . . the proposition to remove the county seat of said Lincoln County to Carrizozo," etc. It is said that this did not ask

for the removal, and if read with extreme technicality it did not, in so many words. But the petition very well might be held to imply that the proposition to remove emanated from those who signed, the only persons from whom it could emanate under the law that the petitioners had in mind.

Again it is said that the ballot was in an unintelligible and misleading form. The Board following the statute, Compiled Laws, 1897, § 631, ordered that "the tickets voted shall contain 'For County Seat' with the name of the place for which the voter desires to cast his ballot, either written or printed thereon." If the court was of opinion that the voters would understand that those in favor of Carrizozo would write that word on the ticket and those opposed to a change would write Lincoln, we could not say that they overrated the intelligence of their fellow citizens. There was no evidence that the voters were deceived. But it is enough that the statute was followed. There is no ground on which the law could be declared void.

It is objected that there was no registration of voters, as required in general terms by § 1709 of the Compiled Laws. But that section required the County Commissioners to appoint a Board of Registration sixty days before any election, and as the statute concerning the change of county seats in case of a special election required it to be called 'at any time within two months of the date of presenting said petition,' it naturally was held that the case was taken out of § 1709 by the latter act.

It is objected that various allegations of the bill were admitted because not denied. If any such matter is open the allegations not denied were mainly if not wholly erroneous conclusions of law from the facts proved at the trial. *Equitable Life Assurance Society* v. *Brown*, 213 U. S. 25, 43. But it is not open. The argument seems to us to need no further or more elaborate reply.

*Decree affirmed.*

*Judgment affirmed.*