(No. 10996.)

ADAH B. WALTON, Admx., Defendant in Error, *vs.* ED-
WARD B. PRYOR *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1916—Rehearing denied Feb. 19, 1917.*

1. PRACTICE—*motion to dismiss for want of jurisdiction of sub-
ject matter may be made after trial.* A motion to dismiss for want
of jurisdiction of the subject matter may be made after trial or at
any time, as jurisdiction of the subject matter cannot be conferred
by consent of the parties.

2. JURISDICTION—*jurisdiction of the State courts must be deter-
mined from the State constitution and laws.* Whether a circuit
court in Illinois has jurisdiction of an action for damages under
the Federal Employers' Liability act must be determined by the
laws and constitution of Illinois, as Congress cannot confer juris-
diction upon any court which it has not created.

3. SAME—*extent of Federal restriction upon power of State to
determine the jurisdiction of its courts.* There is no restriction in
the Federal constitution upon the power of a State to determine
the limits of the jurisdiction of its courts, except that the State
must give to citizens of other States the same rights that it accords
to its own citizens.

4. SAME—*meaning of provision of Federal Employers' Liability
act as to jurisdiction of State courts.* The provision of section 6
of the Federal Employers' Liability act that the jurisdiction of the
United States courts "shall be concurrent with that of the courts
of the several States," etc., means only that when the jurisdiction
of the courts of a State as fixed by local laws empowers them to
hear and determine a certain class of actions, an action of that
class arising under the Federal act may be enforced as of right in
the State courts.

5. SAME—*there is a clear distinction between creating a cause
of action and providing a remedy.* There is a clear distinction be-
tween creating a cause of action and providing for its enforcement,
as the legal right comes into existence by the enactment of the
law, while the remedy is provided by establishing courts and be-
stowing jurisdiction upon them.

6. SAME—*limit of remedy in State court for cause of action un-
der Federal act.* So far as the Federal constitution is concerned,
a State court which has jurisdiction of the class of causes of action
created by the Federal Employers' Liability act can give such rem-
edy, only, as it is authorized to give citizens of the State having
similar rights.

7. SAME—*when Illinois court has no jurisdiction to enforce an action under Federal Employers' Liability act.* The proviso to section 2 of the Injuries act of 1853, as amended in 1903, that "no action shall be brought or prosecuted in this State to recover damages for death occurring outside of this State," precludes the circuit courts of Illinois from taking jurisdiction of an action under the Federal Employers' Liability act where the death occurred in another State, notwithstanding the provision of section 12 of article 6 of the Illinois constitution giving circuit courts original jurisdiction of all causes in law and equity.

CRAIG, C. J., and FARMER and DUNCAN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

CREA, HOUSUM & HAMILTON, (J. L. MINNIS, and N. S. BROWN, of counsel,) for plaintiffs in error.

SMITH & HUTCHIN, CHARLES C. LEFORGEE, THOMAS W. SAMUELS, and GEORGE W. BLACK, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Adah B. Walton, administratrix of the estate of her deceased husband, James R. Walton, brought her suit in the circuit court of Macon county against the plaintiffs in error, receivers of the Wabash Railroad Company, to recover damages for his death, alleged to have been due to the negligence of the plaintiffs in error while he was in their employ as a brakeman on a passenger train. After demurrers to the amended declaration and an additional count had been overruled the defendants filed pleas, and there was a trial by jury resulting in a verdict of $17,000 apportioned to the widow and three children. The defendants then moved to dismiss the suit for want of jurisdiction, because the injury and consequent death occurred in the State of Missouri. The motion was denied, and mo-

tions for a new trial and in arrest of judgment having been made and denied, judgment was rendered upon the verdict. The record has been brought to this court by writ of error on the ground that a construction of the provisions of the constitution vesting the judicial power in certain courts and declaring the jurisdiction of circuit courts is involved.

The suit was brought under the Federal Employers' Liability act, which provides that every common carrier by railroad engaged in inter-State commerce shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee, resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road-bed, works, boats, wharves or other equipment. Each of the counts upon which the case was submitted to the jury alleged that both the employer and employee were engaged in inter-State commerce between this State and the State of Missouri, that the injury to James R. Walton and his death occurred in St. Louis, Missouri, and that the injury was caused by negligence of the defendants in maintaining a signal stand or post placed in such close proximity to the tracks that Walton, while engaged in the performance of his duties on a train passing the same and in the exercise of due care and caution for his own safety, was struck by the stand or post. The motions to dismiss and in arrest of judgment were not made until after the trial, but consent of the parties cannot confer jurisdiction of the subject matter and it is never too late to make such a motion. *Ginn* v. *Rogers,* 4 Gilm. 131; *Fleischman* v. *Walker,* 91 Ill. 318; *Robertson* v. *Wheeler,* 162 id. 566; *Village of Hammond* v. *Leavitt,* 181 id. 416; *Perry* v. *Bozarth,* 198 id. 328; *Town of Audubon* v. *Hand,* 223 id. 367.

The question whether the circuit court of Macon county had jurisdiction must be determined by the constitution and laws of this State creating courts and defining and limiting their jurisdiction. The law on that subject was declared by this court in *Missouri River Telegraph Co.* v. *First Nat. Bank of Sioux City,* 74 Ill. 217. That was a suit between two corporations of the State of Iowa to recover a penalty for usury under an act of Congress, and the court said that the courts of this State derive their jurisdiction from the constitution and laws of the State and do not derive any power from the laws of the United States, and that Congress cannot confer jurisdiction upon a State court or any other court which it has not ordained and established. The Supreme Court of the United States maintains the same doctrine in the case of *St. Louis and Iron Mountain Railroad Co.* v. *Taylor,* 210 U. S. 281. In that case the plaintiff, as administratrix of the estate of George W. Taylor, brought suit in Arkansas against the railroad company, seeking damages for the benefit of Taylor's widow and next of kin on account of his injury and consequent death in the course of his employment as a brakeman, alleged to have been caused by the failure of the company to equip its cars with draw-bars such as are required by the Federal act. The accident and death happened in the Indian Territory, and the plaintiff obtained a judgment, which was affirmed by the Supreme Court of Arkansas. The United States Supreme Court decided that the question of jurisdiction was not a Federal question and that the court had no jurisdiction to review the decision of the State court holding that it had jurisdiction. In so holding the court said: "Each State may, subject to the restrictions of the Federal constitution, determine the limits of the jurisdiction of its courts, the character of the controversies which shall be heard in them, and specifically how far it will, having jurisdiction of the parties, entertain in its courts transi-

tory actions where the cause of action has arisen outside its borders."

There is no restriction of the Federal constitution upon the power of a State to determine the limits of the jurisdiction of its courts, except that the State must give to the citizens of other States the same rights that it accords to its own citizens. In the case of *Chambers* v. *Baltimore and Ohio Railroad Co.* 207 U. S. 142, a suit had been brought in Ohio by a widow, who was a citizen of Pennsylvania, to recover damages for the death, in Pennsylvania, of her husband, who was also a citizen of Pennsylvania and was a locomotive engineer in the employ of the defendant. The Ohio statute limited the right of recovery in the courts of Ohio to damages for the death of a citizen of Ohio. The Supreme Court of Ohio held that an action for a death occurring in another State was only authorized where the deceased was a citizen of Ohio, and the Supreme Court of the United States sustained the decision, and held that, subject to the restrictions of the Federal constitution, a State may determine the limit of the jurisdiction of its courts and the character of the controversies which shall be heard in them, and that the policy of the State determines whether, and to what extent, it will entertain in its courts transitory actions where the causes of action have arisen in other jurisdictions.

In the *Employers' Liability Cases*, 223 U. S. 1, the court considered questions of the power of Congress, in the exercise of its authority over inter-State commerce, to regulate the relation of common carriers by railroads and their employees while both are engaged in such commerce. One of the cases was *Mondou* v. *New York, New Haven and Hartford Railroad Co.*, in which the Supreme Court of Connecticut had sustained a demurrer to the complaint on the ground that a right of action under the Federal act could not be enforced in the State court. One of the questions considered by the Supreme Court of the United States was this: "May rights arising under those regulations be enforced as of

right in the courts of the States when their jurisdiction as fixed by local laws is adequate to the occasion?" On that question the court said: "There is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of State courts or to control or affect the modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure. We say 'when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion,' because we are advised by the decisions of the supreme court of errors that the superior courts of the State are courts of general jurisdiction, are empowered to take cognizance of actions to recover for personal injuries and for death, and are accustomed to exercise that jurisdiction not only in cases where the right of action arose under the laws of that State, but also in cases where it arose in another State and under its laws and in circumstances in which the laws of Connecticut gave no right of recovery." The court being advised that the courts of Connecticut had jurisdiction of actions for personal injuries and for death in cases where the right of action arose under the laws of that State, and also in cases where it arose in another State and under the laws of the other State where the laws of Connecticut gave no right of recovery, held that the courts of that State were bound to exercise the same jurisdiction to enforce a liability under the Federal act.

Section 6 of the Federal act, as amended in 1910, contains this provision: "The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no case arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United

States." In view of the powers of the Federal government and the States and in the light of the uniform decisions relating to the subject, this provision can only mean that when the jurisdiction of the courts of a State as fixed by local laws empowers them to hear and determine a certain class of actions, an action of that class arising under Federal law may be enforced as of right in the State court. The Federal act has superseded State laws regulating the relations of employers and employees engaged in inter-State commerce by railroad. (*Devine* v. *Chicago, Rock Island and Pacific Railway Co.* 266 Ill. 248; *Staley* v. *Illinois Central Railroad Co.* 268 id. 356; *Michigan Central Railroad Co.* v. *Vreeland,* 227 U. S. 58; *St. Louis, San Francisco and Texas Railroad Co.* v. *Seale,* 229 id. 156; *Mondou* v. *New York, New Haven and Hartford Railroad Co. supra.*) There is a clear distinction, however, between creating a cause of action and providing for its enforcement, which must be in a court having jurisdiction to hear and determine whether the cause of action has arisen. The legal right comes into existence by the enactment of the law, but the remedy is provided by the establishment of courts and bestowing upon them jurisdiction. The question here is not whether there was a liability, but what court had jurisdiction to enforce it, and, so far as the Federal constitution is concerned, the court was bound to give only such remedy as it gave its own citizens upon similar rights.

Section 1 of article 6 of our constitution vests the judicial power of the State in certain courts, among which are circuit courts, and section 12 of that article provides that circuit courts shall have original jurisdiction of all causes in law and equity. Section 1 of the act requiring compensation for causing death by wrongful act, neglect or default, passed by the General Assembly in 1853, (Laws of 1853, p. 97,) provides for the survival of rights of action for personal injuries which result in death. Section 2, as amended in 1903, (Laws of 1903, p. 217,) provides that

every such action shall be brought by and in the names of the personal representatives of the deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, with this proviso: "That no action shall be brought or prosecuted in this State to recover damages for death occurring outside of this State." It will therefore be seen that the statute of the State provides for an action identical in every particular with the cause of action of which the circuit court assumed jurisdiction, but denies to the court the exercise of such jurisdiction where the death occurs outside of the State. The difference is only that the liability in one case is created by the act of Congress and in the other by the laws of the State. If the jurisdiction of the State court can be maintained, a cause of action can be enforced in this State simply because the employer and employee at the time of an injury are engaged in inter-State commerce, while no right of action is given, even to a citizen of this State, for a death caused by the negligence of a corporation in another State not so engaged. It has been made clear that the circuit court could not exercise jurisdiction on the ground that the cause of action is founded on the Federal law unless the laws of the State permit the maintenance of the action. Neither does it appear to us that section 12 of article 6 of the constitution, giving to circuit courts original jurisdiction in all cases in law and equity, can be construed to confer jurisdiction of a cause of action created by Federal law when jurisdiction of a like cause of action under the State laws is denied to a citizen of the State. The General Assembly has expressly declared that there shall be no jurisdiction of an action for damages occasioned by a death occurring in another State in consequence of wrongful act, neglect or default, and the cause of action in this case is not to be distinguished, in nature or substantial elements, from the cause of action which the courts are prohibited from entertaining. The Supreme

Court of the United States has said that there has been no attempt of Congress to enlarge the jurisdiction of the State courts but only to require its exercise consistently with local laws, and the enforcement of liability for damages occasioned by a death outside of the State is not consistent with such laws.

We conclude that the circuit court of Macon county had no jurisdiction, and the judgment is reversed.

*Judgment reversed.*

CRAIG, C. J., and FARMER and DUNCAN, JJ., dissenting.