FEDERAL TRUST CO. v. EAST HARTFORD FIRE DIST.

(Circuit Court of Appeals, Second Circuit. April 3, 1922.)

No. 234.

1. Pleading ⪧216(1)—Whether plaintiff damaged by defendant's breach of duty cannot be determined on demurrer.

Where defendant appropriated property on which plaintiff had a mortgage under the power of eminent domain, without complyng with Gen. St. Conn. 1918, § ·5192, requiring notice and payment to mortgagees, etc., plaintiff, suing for damages, should have an opportunity to show damage to it, and the court cannot, on demurrer, speculate as to whether damages are likely to be proven.

2. **Statutes ⪼140—Special acts may be modified by general statutes.**

The Legislature may affect or modify special acts by general statutes.

3. **Eminent domain ⪼177—Statute requiring notice to mortgagees when proceeding under "any statute of this state" includes special or private acts.**

Under Gen. St. Conn. 1918, § 5192, providing that, when real estate is taken by eminent domain under "any statute of this state," notice shall be given to the mortgagees, etc., and the amount due them paid before any sum is paid to the owners of the property, includes all statutes, whether denominated general or special, public or private.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Statute.]

4. **Statutes ⪼2—Defined; "statute law."**

A "statute," or "statute law," is the express written will of the Legislature, rendered authentic by certain prescribed forms and solemnities.

5. **Statutes ⪼2—Any law passed by Legislature or given force of law is a "statute of the state."**

Any law directly passed by the Legislature of a state, and any enactment to which a state gives the force of law, is a "statute of the state."

6. **Statutes ⪼77(1)—"Special act" and "private act" identical.**

The phrases "special act" and "private act" mean the same thing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Act; Special Law.]

7. **Statutes ⪼77(1)—Not special or private because limited in area.**

That a given statute affects only a portion of the territory under the Legislature's dominion does not make it a special or private act, if it affects all of the population within the limited area.

8. **Statutes ⪼77(1)—Whether law local question of fact, and not of form.**

Whether a law be local, or otherwise entitled to some peculiar appellation, is a question of fact, and not of form.

9. **Eminent domain ⪼154—Statute requiring payment of amount "due" mortgagee not limited to matured obligations.**

Gen. St. Conn. 1918, § 5192, providing that, when real estate is taken by eminent domain, notice shall be given mortgagees, and the amount "due" paid to them, uses the word "due" as importing existing obligations or indebtednesses of record, without regard to maturity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Due.]

10. **Eminent domain ⪼266—In mortgagee's action for appropriation without compensation, damages must be proved.**

Mortgagee's action for the appropriation of the mortgaged property under the power of eminent domain, without compensation to it, is an action for damages, and not for debt, and the damages must be proved, and not presumed.

In Error to the District Court of the United States for the District of Connecticut.

Action by the Federal Trust Company against the East Hartford Fire District. Judgment for defendant on demurrer, and plaintiff brings error. Reversed and remanded, with directions.

The defendant fire district is a minor municipal corporation of Connecticut, created in 1889 (10 Sp. Laws Conn. p. 1316). This act of incorporation was amended from time to time, always by "special laws" duly passed by the Connecticut Legislature, until in 1899 (13 Sp. Laws, p. 492, § 14) the district was given the power and authority to make and maintain waterworks, and to do so by lawfully obtaining "the same rights, powers, and duties as were

⪼For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

conferred and imposed upon the East Hartford Water Company by its charter approved May 10, 1887, and the amendments thereto."

Defendant thus became entitled to procure by eminent domain the watersheds necessary for its waterworks in like manner as the East Hartford Water Company had been entitled so to do. That water company had, by virtue of certain "special laws," "full power * * * to take water from any brook in [certain enumerated towns including Glastonbury] or from any other source as said company may desire. * * * "

The method of exercising this right of taking water is prescribed by special law (10 Sp. Laws, p. 729, § 8) thus: "Said corporation [district] shall pay all damages that shall be sustained by any person or persons or corporation in their property or estate by the taking of any real estate or easement, or by the taking the water from any brook," etc.

The statute then declares that, if the damages shall not be agreed upon, they shall be assessed under the supervision of the superior court, upon an application made to that court either by the condemning corporation or by the person sustaining damages, "which application shall be accompanied by a summons served upon the owner of the property as in the case of civil process before said court."

Another proviso of this series of special laws declares: "Said court may make any order necessary for the protection of the rights of all persons or corporations interested in said property or sustaining such damages: but said property shall not be taken or interfered with by said corporation until the amount of said judgment shall be paid to the person to whom it is due, or deposited for his use with the treasurer of Hartford county." Section 10.

By virtue of this conference of the power of eminent domain the fire district in December, 1916, began proceedings in the superior court against the Glastonbury Power Company et al. to condemn "the waters of Cold brook" in the town of Glastonbury. After appeal to the Supreme Court of the state (East Hartford Fire District v. Glastonbury Power Co., 92 Conn. 217, 102 Atl. 592), the proceeding succeeded, and on December 12, 1918, judgment was entered in said superior court awarding to the Glastonbury Power Company damages for the taking of Cold brook in the sum of $7,500.

In 1904 said power company had duly made a mortgage affecting all its property including the Cold brook lands. Plaintiff, Federal Trust Company, is the mortgagee as trustee for bondholders. The mortgage was duly recorded and was in full force during the whole of the above referred to condemnation proceeding; but (as averred in the complaint) plaintiff had "no notice of said condemnation proceedings, nor was it cited as a party defendant in" the same. The amount of plaintiff's mortgage was $57,000. The complaint does not aver that it had matured when complaint was filed (December, 1920), or that the mortgagor was down to that date in default. But (continues the complaint) "as such mortgagee plaintiff was entitled to payment of said award to the extent of the amount due upon the mortgage before any sum was paid to the owner of the property. No payment of any amount has been made to the plaintiff on account of said award of damages, although plaintiff requested defendant to pay said sum over to the plaintiff." Complaint concludes with a prayer for general damages, viz. $100,000.

To this complaint defendant demurred, assigning for cause of demurrer that at the time of action begun no "sum of money was due and payable from defendant to plaintiff," and that it was not alleged that "defendant is indebted to plaintiff." This in substance was a general demurrer.

At all times during the pendency of the condemnation proceeding above referred to, and since 1895, there had been and was in force in Connecticut a general statute (Gen. Stat. Conn. Revision of 1918, § 5192), reading as follows: "Whenever any real estate, or any interest in real estate, is taken by right of eminent domain under any statute, notice shall be given to all persons appearing of record to hold any mortgage, lien or other incumbrance on the property to be taken, and the amount due to such mortgagee, lienor or other incumbrancer, not exceeding the amount to be paid for the property taken, shall be paid to them in the order of their respective rights before any sum is paid to the owners of the property."

283 F.—7

The trial court sustained the demurrer and gave judgment absolute for defendant, whereupon plaintiff brought this writ.

Charles J. McLaughlin, of Hartford, Conn., and Joseph P. Fagan and Cotter & Fagan, all of Boston, Mass., for plaintiff in error.

Percy S. Bryant and Morris S. Falk, both of Hartford, Conn., for defendant in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Plaintiff certainly had an interest in the lands condemned, and its action is for damages to that interest. It rests on the alleged unlawful act of defendant in failing to give notice or opportunity to assert its right to the plaintiff pursuant to the statute. The judgment below is in effect a holding that under the allegations made it is impossible, on benevolent reading of the complaint, to discover any recoverable damage.

[1] Yet it is equally plain that, if defendant was bound by the provisions of Gen. Stat. § 5192, it failed in a duty imposed by law, and plaintiff should have opportunity to show a jury that damage to it—i. e., to its interest in the Glastonbury property—was thereby proximately caused. On demurrer we cannot speculate as to whether damages are likely to be provable.

The judgment complained of is sought to be justified by the assertion that the act imposing obligation on one exercising eminent domain to give notice to the mortgagors and lienors of record is a general statute, whereas the defendant possessed and exercised its power of condemning the Cold brook lands wholly by virtue of "special acts," and therefore the general statute has no application.

[2, 3] It is not and cannot be asserted that the Legislature may not affect or modify special acts by general statutes; but this, it is said, requires specific reference to them. The language of the general statute in force when condemnation begun is that whoever takes by eminent domain "under any statute of this state" shall do the thing which this defendant did not do; and we are of opinion that the phrase "any statute of this state" covers and includes all statutes of Connecticut, whether denominated general or special, public or private.

[4] A statute or statute law is by long-accepted definition the express written will of the Legislature, rendered authentic by certain prescribed forms and solemnities. Potter's Dwarris, 37. Cf. Lewis' Sutherland on Statutory Construction, § 321 et seq.; Bishop on the Written Law, § 42a et seq., and Bouvier, tit. "Statutes."

[5] A "statute of a state" is any law directly passed by the Legislature of that state (Cumberland, etc., Co. v. Memphis [D. C.] 198 Fed. 955 (957); and any enactment to which a state gives the force of law is a statute of the state (Atlantic, etc., Co. v. Goldsboro, 232 U. S. 548, 34 Sup. Ct. 364, 58 L. Ed. 721).

[6] Historically the phrases "special act" and "private act" mean the same thing; and in Unity v. Burrage, 103 U. S. 447, 455 (26 L. Ed. 405) it was pointed out that such acts or statutes as those incorporating counties, establishing courthouses and the like "all operate upon local subjects, [but] they are not for that reason special or pri-

vate acts. In this country the disposition has been, on the whole to enlarge the limits of this class of public acts, and to bring within it all enactments of a general character, or which in any way affect the community at large."

[7, 8] Nor does the fact that a given statute affects only a portion of the territory under the Legislature's dominion influence the matter at all, if the statute affects all of the population within the limited area. Lewis' Sutherland, supra, and cases cited. Finally, whether a law be local, or otherwise entitled to some peculiar appellation, is a question of fact, and not of form. Gray v. Taylor, 227 U. S. 51, 33 Sup. Ct. 199, 57 L. Ed. 413.

For these reasons, while inclined to think that the special acts giving to defendant the power of eminent domain are public acts in fact, we hold that they are plainly statutes of Connecticut, and therefore within the phrase "any statute of this state."

[9] It appears to have been held below as another reason for sustaining demurrer that there was nothing "due" to this plaintiff at the time of condemnation. But the word "due," as applied to debts, is sometimes used to express the mere state of indebtedness, and it is then equivalent to "owed" or "owing" (United States v. State Bank, 6 Pet. 29, 8 L. Ed. 308); and the word in its larger and general sense signifies that which is owed, that which one contracts to pay to or perform to another (Wyman v. Kimberly-Clark Co., 93 Wis. 554, 556, 67 N. W. 932, with full citation of authorities).

We are clear that the word "due," as used in this statute, imports existing obligations or indebtednesses of record, without regard to maturity; if it were otherwise, the statute would wholly fail of its obvious purpose, which is to prevent exactly the condition of affairs that here exists. For these reasons, the judgment must be reversed, and the defendant required to answer over on payment of costs and within a time to be fixed by the lower court.

For the sake of accuracy it should be pointed out that, while defendant's whole case has hitherto rested upon the assertion of rights under private acts or special acts, the case has been treated as though the acts in question were general and public, for the court has taken cognizance of them on demurrer without pleading or proof. Observance of the fundamental rule that acts, if really private, must be pleaded, would have prevented a journey to this court on general demurrer.

[10] As trial before a jury would be the natural result of this decision, we point out again that the action is for damages to the plaintiff's estate or interest by the appropriation of certain mortgaged lands without compensation to it. Like all damages, they must be proved, and not presumed. This is not an action for debt. Non constat but that the remaining lands are amply sufficient to satisfy plaintiff's mortgage lien.

Judgment reversed, with costs, and case remanded, with directions to proceed in a manner not inconsistent with this opinion.