

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN
XXWXXXXIXSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. K. Wilkinson
County Auditor, Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. O-1748
Re: Does the county Auditor of Hill Coun-
ty, acting as purchasing agent for
said county, have full authority un-
der the statutes to control all pur-
chases made by said county?

Your request for an opinion on the above-stated ques-
tion has been received by this department.

Article 1645a-1, Vernon's Civil Statutes, reads as
follows:

"That in all counties having a population
of not less than twenty-four thousand, one hundred
and twenty-five (24,125) nor more than twenty-four
thousand, one hundred and fifty (24,150), accord-
ing to the last preceding Federal Census, and em-
ploying a County Auditor, said County Auditor, in
addition to the regular duties performed by him
as required by law, shall act as Purchasing Agent
for the county, and such Auditor shall receive as
compensation for such additional services as Pur-
chasing Agent the sum of Six Hundred Dollars ($600)
annually, payable in twelve (12) equal monthly
installments, such compensation to be in addition
to that allowed by law for such Auditor, and to be
payable out of the General Revenue of such county.
Provided that in all counties having a population
of not less than forty-three thousand (43,000)
and not more than forty-three thousand, one hundred
(43,100) according to the last preceding Federal
Census, and employing a County Auditor, said County
Auditor, in addition to the regular duties per-
formed by him as required by law, shall act as
Purchasing Agent for the county, and such Auditor
shall receive as compensation for such additional
services as Purchasing Agent the sum of Six Hundred
Dollars ($600) annually , payable in twelve (12)
equal monthly installments, such compensation

to be in addition to that allowed by law for
such Auditor, and to be payable out of the Gen-
eral Revenue of such county. Provided, further,
that in all counties having a population in
excess of sixty-five thousand (65,000) inhabi-
tants according to the last preceding Federal
Census, and having a tax valuation of not more
than Forty Million Dollars ($40,000,000), accord-
ing to the last approved tax rolls, and contain-
ing at least two incorporated cities or more than
thirteen thousand, five hundred (13,500) popula-
tion each, according to the last preceding Fed-
eral Census, such Auditor shall, in addition to
his regular duties as Auditor, constitute the
Purchasing Agent of such county when so directed
by order of the Commissioners Court of such county,
and such Auditor shall receive as compensation
for such additional services as Purchasing Agent
a sum not to exceed Nine Hundred Dollars ($900)
annually, payable in twelve (12) equal monthly
installments, and such compensation shall be in
addition to that allowed by law for such Auditor,
and payable out of the General Revenue of such
county. As added Acts 1937, 45th Leg., p. 639,
ch. 313, para. 1; amended Acts 1939, 46th Leg.,
H. B. #909, para. 1."

According to the last preceding Federal Census, Hill
County had a population of 43,036 inhabitants, thus falling
within the provision of the above-mentioned statute, namely,
"having a population of not less than forty-three thousand
(43,000) and not more than forty-three thousand, one hundred
(43,100)."

Hill County is the only county in the State which,
according to the last Federal Census, had a population within
the limits specified in the provision of the statute above
mentioned.

Section 56, Article 3 of the State Constitution reads
in part as follows:

"The Legislature shall not, except as other-
wise provided in this Constitution, pass any local
or special laws, authorizing,... regulating the
affairs of counties, cities, towns, wards or school
districts; ... and in all other cases where a
general law can be made applicable, no local or
special law shall be enacted; provided, that no-
thing herein contained shall be construed to pro-

hibit the Legislature from passing special laws
for the preservation of game and fish of this
State in certain localities."

In the case of Gray vs. Taylor, 227 U.S. 51, the
Supreme Court of the United States defined a local law as:

"The phrase 'local law' means primarily, at
least, a law in fact, if not in form, directed
only to a specific spot."

The case of Smith vs. State, 49 S.W. (2d) 739, holds
in effect that if substantial reason for classifying munici-
palities by population appears, such classification and leg-
islation applicable to such classification is generally sus-
tained. However, the constitutional prohibition against
special laws cannot be evaded by making laws applicable to a
pretended class, and that a statute classifying municipalities
by population is "special" if the population does not afford
a fair basis for classification; if the statute merely desig-
nates a single municipality under the guise of classifying by
population; and that a valid classification of municipalities
by population must not exclude other municipalities from
entering such classification on attaining the specified pop-
ulation.

We quote from this case as follows:

"In this state it is the rule that the Leg-
islature cannot evade the prohibition of the
Constitution as to special laws by making a law
applicable to a pretended class, which is, in
fact, no class. Clark v. Finley, supra. The
courts in other jurisdictions have given effect
to the same principle. Com. v. Patton, 88 Pa.
258; Board of Com'rs of Owen County, et al. v.
Spangler et al., 159 Ind. 575, 65 N. E. 743.
In Clark v. Finley, supra, the Supreme Court
of our state said:  'In so far as the courts
which undertake to define the basis upon which
the classification must rest hold that the leg-
islature cannot, by a pretended classification,
evade a constitutional restriction, we fully
concur with them.  But if they hold that a class-
ification which does not manifest a purpose to
evade the constitution is not sufficient to sup-
port a statute as a general law merely because,
in the court's opinion, the classification is un-
reasonable, we are not prepared to concur.  To
what class or classes of persons or things a

statute should apply is, as a general rule, a leg-
islative question. When the intent of the legis-
lature is clear, the policy of the law is a matter
which does not concern the courts.' If the class-
ification of cities or counties is based on popu-
lation, whether an act is to be regarded  as
special, and whether its operation is uniform
throughout the state, depend upon whether popula-
tion affords a fair basis for the classification
with reference to the matters to which it relates,
and whether the result it accomplishes is in fact
a real classification upon that basis, and not a
designation of a single city or county to which
alone it shall apply, under the guise of such
classification. Parker-Washington Co. v. Kansas
City, 73 Kan. 722, 85 P. 781." (Also see the
cases of Ex Parte Sizemore, 8 S.W. (2d) 134,
and Randolph v. State, 36 S.W. (2d) 484.)

The case of Bexar County v. Tynan, et al, 97 S.W. (2d)
567, holds in effect that the Legislature may, on a proper
and reasonable classification, enact a general law which at
the time of its enactment is applicable to only one county,
provided the application is not so inflexibly fixed as to
prevent it ever becoming applicable to other counties, and
that the Legislature may classify counties on basis of popu-
lation for purposes of fixing compensation of county and pre-
cinct officers, but such classification must be based on
real distinction and must not be an arbitrary device to give
what is in substance a local or special law, the form of a
general law. And the case further holds that the courts, in
determining whether a law is public, general, special, or
local, will look to its substance and practical operation,
rather than to its title, form, phraseology, since otherwise
a prohibition of the fundamental law against special legisla-
tion would be nugatory; and to justify placing one county in-
a very limited and restricted classification by the Legisla-
ture, there must be some reasonable relation between the
situation of counties classified and purposes and objects to
be obtained, and classification cannot be adopted arbitrarily
on a ground which has no foundation in difference of situa-
tion or circumstances of counties placed in different classes.
The Act reducing salaries of officers in counties of over
two hundred ninety thousand and less than three hundred ten
thousand population was held unreasonable and arbitrary in
its classification and void as a special law.

We quote from the above-mentioned opinion as follows:

"The rule is that a classification cannot be

adopted arbitrarily upon a ground which has no
foundation in difference of situation or circum-
stances of the municipalities placed in the dif-
ferent classes. There must be some reasonable re-
lation between the situation of municipalities class-
ified and the purposes and the object to be attain-
ed. There must be something which in some reason-
able degree accounts for the division into classes."

We have here an instance of arbitrary designation,
rather than classification. The above-quoted statute attempts
to regulate the affairs of Hill County in a manner violative
of Article 3, Section 56 of the Constitution.

You are respectfully advised that it is the opinion of
this department that the provisions of Article 1645a-1, Ver-
non's Civil Statutes, prescribing the duties of auditors in
counties having a population of 43,000 to 43,100 inhabitants,
is a special law, and therefore unconstitutional and void.

You are therefore advised that the County Auditor of
Hill County has no legal authority to act as Purchasing Agent
for said County.

We trust that the foregoing fully answers your in-
quiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
   Ardell Williams
   Assistant

AW:pbp:wc


APPROVED DEC 13, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By__s/BWB__Chairman