**In re WALTHER.**
**No. 42789.**

District Court, E. D. New York.
Feb. 26, 1943.

Howard S. Guttmann, of New York City, for bankrupt.

Henry W. Parker, of New York City, for objecting creditor, Morris Plan Industrial Bank of New York.

BYERS, District Judge.

Hearing on petition for review of order of referee granting discharge.

The matter for determination is whether the bankrupt has forfeited his right to a discharge because he "obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition * * *" within the provisions of section 14, paragraph c, subdivision 3, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3).

Decision turns upon a narrow question of construction of the terms of his application for a loan from the Manufacturers Trust Company, dated March 19, 1940. The application is in evidence, and discloses that, as of that date, the bankrupt was 41 years of age and was the Assistant Manager of the Securities Department of a named banking house, of 120 Broadway, New York City. From this it follows that he was a person of education and sufficient insight into financial matters to understand the questions contained in the said application, their purpose, and the necessity for making correct answers.

On page 2, ample space is provided for a statement of the applicant's assets and liabilities in itemized form, and no figures appear in that space. Below that, the fol-

lowing occurs: "Are you making any installment payments to banks, loan companies, installment or finance companies, or others? No."

That was literally true, but within 30 days such an installment would become payable on another loan.

On the third page appears the following: "To Manufacturers Trust Company

"New York, N. Y.

"Knowing that you will rely upon the representations made by me in this application, and in order to induce you to grant this loan, I represent that I have no outstanding obligations due any bank, loan company, corporation or any individual, nor any suits, judgments or legal claims of any kind whatsoever now pending against me except as shown herein.

"(Signed) Fred A. Walther"

There are two specifications of objection, the first of which seems not to have been the subject of testimony, and therefore is not presently considered.

The second is directed to the above application for a loan, which resulted in his obtaining the same on or about March 22, 1940, in the sum of $375, and the application is alleged to have been false with respect to the statement that he was not making any installment payments, as above quoted, and that he had no outstanding obligations due any bank or loan company, which statements are said to have been false, to the knowledge of the bankrupt, in that at the time he made the statement he was indebted to Morris Plan Industrial Bank in the amount of $1275 on a loan in that amount which he procured on March 11, 1940; and which false statement was relied upon by the Manufacturers Trust Company in extending the credit and granting the loan.

It is undisputed, that at the time of procuring the said loan the bankrupt was indebted to the Morris Plan Industrial Bank according to the recital of the second specification, but the first installment upon that indebtedness did not become payable until April 16, 1940.

The referee held that the indebtedness was not due at the time that the application for the loan was made and consequently there was no false statement. It appears that the Morris Plan loan was made as a renewal and extension of an earlier obligation, so that the relationship between the bankrupt and the former was of considerable duration.

The referee has recognized that there are at least two meanings of the word "due" and by adopting the simple expedient of holding that in this case it meant "payable" he has reached the conclusion which is now under review.

As early as 1832 the Supreme Court, in deciding that a certain obligation should be regarded as due although at the critical time it was not payable, and speaking through Mr. Justice Story, expounded the subject as follows (United States v. State Bank of North Carolina, 6 Pet. 29, 36, 8 L.Ed. 308):

"What debt is here referred to? A debt which is then actually payable to the United States, or a debt then arising to the United States, whether then payable, or payable only in futuro? We think, the latter is the true construction of the term of the act. The whole difficulty arises from the different senses in which the term 'due' is used. It is sometimes used to express the mere state of indebtment, and then is an equivalent to owed, or owing, and it is sometimes used to express the fact that the debt has become payable.

"Thus, in the latter sense, a bill or note is often said to be due, when the time for payment of it has arrived. In the former sense, a debt is often said to be due from a person, when he is the party owing it, or primarily bound to pay, whether the time of payment has or has not arrived."

The word "due" was construed as equivalent to "owing" in the case of In re B. H. Gladding Co., D.C., 120 F. 709, 710, where the Court had to determine whether the expression "wages due to workmen" in the Bankruptcy Act, 11 U.S.C.A. § 104, sub. b(5), applied to a case in which a note had been given representing the wages, which had not fallen due at the time of bankruptcy. For other constructions of the word in the larger sense, see: Federal Trust Co. v. East Hartford Fire District, 2 Cir., 283 F. 95, at page 99; Rumely et al. v. United States, 2 Cir., 293 F. 532, at page 549.

It seems necessary therefore to inquire what meaning should be ascribed to the expression in this application, having in mind the purpose which prompted the bank to require the borrower to make the disclosure as therein itemized.

I should suppose it too clear for argument that, when a bank asks a man who is seeking to borrow money from it, whether there are other obligations due from him to other banks, the obvious purpose is to form a judgment as to his capacity to repay the loan which he is seeking, out of his resources as also disclosed in the application.

On page 1 of this blank and in connection with his occupation, the applicant stated the amount of his salary, and the bank was called upon to form an opinion of the kind of credit risk which was involved in the contemplated transaction, having in mind not only his income but his existing debts. If that understanding is correct, it follows that the word "due" in this application required the bankrupt to state what his other debts were at the time, and that essential purpose should not be obscured by favoring a technical evasion, based upon an otherwise applicable construction of the word "due".

There was nothing equivocal about the statement which has been quoted from page 3, and nothing to rob it of being designedly untrue, unless it be assumed that this bankrupt cannot be deemed to have understood the nature of the transaction and the essential requirements of fair disclosure of his financial condition.

The representative of the Manufacturers Trust Company testified under objection that he would not have made this loan, had the bankrupt disclosed his existing loan from the Morris Plan Industrial Bank. While the objection may be technically sound, still it would seem that the referee and the Court were entitled to know from the lips of the lender whether the desired information was essential to the granting of the credit that the bankrupt sought. Incidentally that creditor was not the one who filed these specifications of objection, so that the testimony is not open to the objection that it was interested.

The error in the referee's decision, as I perceive it, occurs in the following language: "He was not required to disclose his existing obligation, and if the questions were so framed that the answers required, and which were filled in, were true if 'due' means presently matured and presently payable, then he has made no designedly untrue statement."

Under the circumstances, it is the view of this Court that the bankrupt is chargeable with knowledge that he was required to disclose his existing obligation in seeking to obtain this loan from the Manufacturers Trust Company, and that in failing to do that he made a designedly untrue statement.

The petition for review is granted, and the order of the referee is set aside, and the bankrupt's discharge will be denied. Settle order.