Albert Summit, and the other half shall go to and vest in the Baptist Church, located at Martinsburg, Ohio.

Judgment of the common pleas court reversed, and cause remanded to that court with instructions to enter a judgment as herein indicated.

*Judgment reversed.*

SHIELDS and POWELL, JJ., concur.

---

CASEBOLT *v.* THE KANAWHA & MICHIGAN RAILWAY CO.

*Jurisdiction — State courts — Federal employers' liability act — 36 U. S. Stats. at Large, 291 — Interstate commerce — Railroad employe injured — Service of summons — Section 11272, General Code.*

1. Jurisdiction of the state courts over the person of a railroad company engaged in interstate commerce to enforce the rights of employes arising under the federal employers' liability act of April 22, 1908, as amended in 1910, for injuries received while engaged in interstate commerce, is not enlarged by that act, but depends upon the jurisdiction prescribed by the state laws.
2. Provisions of Section 11272, General Code, apply to railroad companies owning or operating a railroad within this state and service may be made thereon in accordance with the provisions of that section.

(Decided September 1, 1916.)

ERROR: Court of Appeals for Franklin county.

*Mr. F. S. Monnett; Mr. H. M. Myers* and *Mr. C. W. Dille,* for plaintiff in error.

*Messrs. Grosvenor, Jones & Worstell; Mr. Le-Roy Allebach* and *Mr. W. N. King,* for defendant in error.

POLLOCK, J.   The parties stand in this court as they did in the court below.

Plaintiff, Clarence Casebolt, brought an action against the defendant in the court of common pleas of Franklin county, alleging that the defendant railway company is a corporation organized under the laws of the state of Ohio and engaged in the business of operating a railroad extending from Charleston, W. Va., to Columbus, Ohio, running into and through the county of Franklin; that on December 24, 1914, the defendant was operating a railroad engaged in interstate commerce and plaintiff was in its employ, working on one of its interstate trains; that on that date while so engaged he was injured through the negligence of the defendant and asks damages therefor; and that his cause of action is governed and controlled by the federal employers' liability act of 1908.

Summons was issued to the sheriff of Franklin county, and returned by said sheriff, reciting that he served the defendant corporation by handing a copy of the writ to F. B. Sheldon, vice president of said corporation, the president thereof not being within the county.

The defendant railway company, disclaiming an intention to enter an appearance, filed a motion to quash the pretended service of summons, supported by affidavit alleging facts which show that its railroad tracks do not extend into the county of Franklin; that it has no property therein other than

office furniture and equipment; that the president has no office in Franklin county, but that F. B. Sheldon, vice president in charge of operation, maintains an office within Franklin county where the office of the local treasurer, auditor and general attorney are also located. This motion was heard and overruled by the court.

The defendant company then asked leave to file an answer, and afterwards an amended answer, in both of which it disclaimed any intention of entering an appearance, and objected to the jurisdiction of the court over the person of the defendant on the grounds stated in its motion, but further answered to the merits of the case.

The cause was placed on trial to a court and jury, and at the close of the plaintiff's testimony the defendant made a motion to direct a verdict on the ground that the court did not have jurisdiction over the person of the defendant. This motion was then sustained, to the sustaining of which the plaintiff is prosecuting error.

The testimony in the case shows substantially the same facts as were set out in the affidavit in support of the motion to quash the service, and the only question submitted to this court for determination is whether the court obtained jurisdiction of the person of the defendant by service on the vice president within Franklin county, where the defendant maintained an office in charge of the vice president and other officers.

The plaintiff urges, first, that the federal employers' liability act of 1908, as amended in 1910, Section 6, confers jurisdiction over the person of a

railroad corporation engaged in interstate commerce in any county where it maintains an office such as set out in the affidavit in support of the motion in this case.

Section 6 of this act, so far as it relates to the question now before this court, is as follows:

"Sec. 6.    That no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued.

"Under this Act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action.    The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." (36 U. S. Stats. at Large, 291, c. 143.)

The second paragraph provides for the jurisdiction over the person of the defendant in the circuit court of the United States, and would give that court for this district jurisdiction over the defendant under the facts in this case.    This does not refer to state courts but only to the federal courts; but the second sentence provides that the jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and that no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any federal court.

It is claimed that by this sentence the state court's jurisdiction over the person of a defendant is extended or made equal to that of the federal court. The plain language of this sentence will not bear such a construction. All that is intended from its language is that when a state court has jurisdiction over the person of a defendant, the action may be maintained either in the federal court or in the state court; but it does not enlarge the jurisdiction, over the person of the defendant, conferred by the state upon the state court.

If any doubt could exist as to this construction of the statute, we think it has been fully set at rest by the supreme court of the United States in the case of *Mondou* v. *N. Y., N. H. & H. Rd. Co.,* 223 U. S., 1.

In the opinion on page 56 Justice Van Devanter says:

"The amendment, as appears by its language, instead of granting jurisdiction to the state courts, presupposes that they already possessed it."

Further along on the same page the justice uses the following language:

"We deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of ad-

judication according to the prevailing rules of procedure."

It is true that the court in this case had before them a question of the jurisdiction of a state court over the subject-matter; but the remarks of the court quoted above clearly show that there was no attempt by congress to enlarge the jurisdiction of the state courts over the person of the defendant in actions arising under this act, but only that the court could not refuse to take cognizance of the action when it had jurisdiction under its ordinary state procedure.

We must turn then to the state statutes to determine whether or not the court had jurisdiction over the person of the defendant corporation in this action.

Section 11272, General Code, provides:

"An action other than one of those mentioned in the next four preceding sections, against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees or other chief officer."

If this section is applicable to a corporation engaged in operating a railroad, it would give the court jurisdiction over the defendant when the service was made as in this case.

The plain language of this section would include any corporation created under the laws of this state. But it is urged that jurisdiction cannot be obtained

over a railroad company, owning or operating a railroad, by virtue of the provisions of that section, but that jurisdiction is obtained only when service is had under the provisions of Section 11273, General Code, which provides:

"An action against  *  *  *  a railroad company  *  *  *  owning or operating a railroad  *  *  *  may be brought in any county through or into which such line, railroad  *  *  *  passes or extends."

This section does not by its terms exempt a railroad company from the provisions of Section 11272, but it is urged that "may" should be read "must," and that it does exempt it from that section by implication. The former section includes any corporation created under the laws of this state, and would authorize bringing an action against a corporation engaged in railroad business just as it would against any other corporation, unless by the provisions of the latter section the provisions of the former are repealed by implication so far as it includes railroad companies and others mentioned in that section.

The repeal of a statute by implication is not favored. The supreme court of this state in *The Heirs of Ludlow* v. *C. and J. Johnston*, 3 Ohio, 553, 565, say:

"When the provisions of two statutes are so far inconsistent with each other that both cannot be enforced, the latter must prevail. But if, by any fair course of reasoning, the two can be reconciled, both shall stand. When the legislature intend to repeal a statute, we may, as a general rule, expect them to do it in express terms, or by the use of

words which are equivalent to an express repeal. No court will, if it can be consistently avoided, determine that a statute is repealed by implication."

This same principle was affirmed in *The State, ex rel. Evans,* v. *Dudley,* 1 Ohio St., 437, and in *Cass* v. *Dillon,* 2 Ohio St., 607. And in *Eggleston et al.* v. *Harrison, Assignee,* 61 Ohio St., 397, we find the following, at page 404:

"An enlarged meaning, beyond the import of the words, will not be given to one act in order to repeal another by implication."

Applying these rules in the construction of the sections under consideration, the latter section does not repeal by implication the jurisdiction of a court over a railroad company conferred by the former section. The latter section instead of limiting the jurisdiction of the court over railroad companies exclusively to the provisions of that section, is cumulative, or in addition to the jurisdiction conferred by the former section.

It is urged that to place such a construction upon the provisions of these sections "would greatly impair and hamper the business and public service of the railroads." Granting that this is correct, it should not affect the construction that courts would place upon these acts. If the language of an act is plain and free from doubt, "effect must be given to its clear import without regard to the consequences which may result." *Slingluff et al.* v. *Weaver et al.,* 66 Ohio St., 621.

We think the provisions of Section 11272, General Code, apply to corporations created under the laws of this state, owning or operating a railroad, and that the court of common pleas had jurisdiction

of the person of the defendant by virtue of the pro-
visions of this section.   Holding as we do, the ques-
tion of whether the defendant entered its appear-
ance by answer is not before the court.

The judgment of the court below is reversed.

*Judgment reversed.*

SPENCE and METCALFE, JJ., concur.

Judges of the Seventh Appellate District sitting
in place of Judges ALLREAD, FERNEDING and KUN-
KLE, of the Second Appellate District.