LOFTUS, BY ETC., *v.* THE PENNSYLVANIA RAILROAD CO.

*Venue—Railroads—Negligence—Nonresident sues for injuries in foreign state—Section 11273, General Code—Section 2, Article IV, U. S. Constitution—Privileges and immunities of citizens—Federal Employers' Liability Act—Conferring jurisdiction upon Ohio courts.*

1. A non-resident of this state cannot, by virtue of the venue statute, Section 11273, General Code, bring an action in the state courts for damages resulting from an accident which happened without the state.
2. Section 11273, General Code, defining the venue in certain actions, is based upon residence and not citizenship and does not contravene Section 2, Article IV of the Federal Constitution, which guarantees to citizens of each state the privileges and immunities of citizens in the several states.
3. The Federal Employers' Liability Act of 1908, as amended in 1910, does not give jurisdiction to the courts of this state, in actions brought by non-residents who are citizens of another state, for injuries arising from accidents happening outside of this state.

(Decided May 15, 1922.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Anderson & Lamb* and *Mr. J. J. Tetlow,* for plaintiff in error.

*Messrs. Tolles, Hogsett, Ginn & Morley,* for defendant in error.

HAMILTON, P. J. The plaintiff in error, who was plaintiff below, is a minor 19 years of age, and brought this action by his next friend against the defendant railroad company, a corporation organized under the laws of the state of Pennsylvania, which, as the petition alleges, operates and controls a steam railroad through Pennsylvania, Ohio and other states, and is engaged in interstate commerce.

Loftus was at the time of the accident complained of a resident and citizen of the state of Pennsylvania, and the accident happened in the railroad company's yards at Newcastle, Pennsylvania. Suit was filed in the court of common pleas of Cuyahoga county, Ohio, and service was made on the agent of the Pennsylvania line in that county.

The defendant company filed its motion to quash the service of summons upon the ground that the court was without jurisdiction in the cause, predicating the motion on the venue statute of Ohio, Section 11273, General Code.

Two questions are thus presented for determination:

First. Whether or not Section 11273, General Code of Ohio, applies to the case at bar.

Second. Is the statute unconstitutional as prohibiting suits provided for by the Federal Employers' Liability Act?

Section 11273 is as follows:

"An action against the owner or lessee of a line of mail stages or other coaches, a railroad company, interurban railroad company, suburban railroad company or street railroad company owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may be brought in any county through or into which such line, railroad, interurban railroad, street railroad or electric traction railroad, passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided."

It is argued that this venue section is in conflict with Section 2, Article IV of the Constitution of the United States.

The part of the Constitution applicable provides that "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

That Section 11273 is a proper enactment affect-

ing the citizenship of Ohio is not open to question, as similar acts have been upheld by the supreme court of Ohio, and it has the force and effect of localizing actions which otherwise might be transitory. The statute says *"all actions * * * must be brought,"* etc. *B. & O. Rd. Co.* v. *Hollenberger,* 76 Ohio St., 177, and *B. & O. Rd. Co.* v. *Chambers,* 73 Ohio St., 16.

A citizen of Ohio must, therefore, in an action against a railroad company for injury to person or property, or for wrongful death, caused by the railroad company, bring himself within the terms of the venue section to clothe the court with jurisdiction to hear his case.

What then is the force and effect of the privileges and immunities clause of the Federal Constitution? This constitutional provision applies to fundamental and universal rights and not to special privileges. Miner's Conflict of Laws, 15.

The argument of counsel for plaintiff in error would necessarily lead to the conclusion that the privileges and immunities clause gave special privileges to citizens of other states. Under Section 11273, General Code, a resident, citizen of southern Ohio, if injured in southern Ohio, could not maintain his action in the courts of Cuyahoga county. Yet, it is contended, if argument of counsel be given force, that by virtue of the immunities clause the injured party, if perchance a citizen of some other state, can go into any of the courts of Ohio, in any county in which the road is located, and maintain his action, and the court must take jurisdiction in the case.

As was stated in the opinion in the case of *Railroad Co.* v. *Chambers, supra,* at page 30:

"To open our courts in such cases, and under these circumstances, for the adjustment and settlement of the rights of the parties, is to extend an invitation to all such persons, who may, for whatsoever reason, prefer to resort to our tribunals, to seek the court of this state to enforce their claims. Thus we should greatly add to the already overburdened condition of the dockets in all our courts, and thereby make a settlement of rights originating outside the state, between citizens of other states, a charge and burden upon the people of our own state."

While the reasoning in the *Chambers case* was criticized by the supreme court of the United States upon review, the reasoning is pertinent as bearing on the necessity for strict construction with reference to the constitutional provision of the statute in question.

The above pronouncement of the supreme court of Ohio in the *Chambers case* was made in passing upon the immunities clause of the constitution with reference to an inhibition in the statute of Ohio against a non-resident bringing an action in this state for the wrongful death which occurred in another state.

The Supreme Court of the United States (207 U. S., 142), in upholding the decision in the *Chambers case,* says at page 151:

"She has not been denied access to the Ohio courts because she is not a citizen of that state, but because the cause of action which she presents is not cognizable in those courts. She would have been denied hearing of the same cause for the same reason if she had been a citizen of Ohio. In excluding her cause of action from the courts the law of

Ohio has not been influenced by her citizenship, which is regarded as immaterial. We are unable to see that in this case the plaintiff has been refused any right which the Constitution of the United States confers upon her, and accordingly the judgment is affirmed.''

Applying this reasoning to the case under consideration we may say that the plaintiff in error has not been denied access to the Ohio courts because he was not a citizen of the state, but because under the statute of Ohio the cause of action which he presents is not cognizable in the courts of Cuyahoga county. Had his injury occurred in Cuyahoga county, although a citizen of Pennsylvania, his case would have been cognizable in that court. Had he been a resident of the county when the cause of action arose, although happening outside the county, his case would have been cognizable in the court of Cuyahoga county if the company's lines, or any part thereof, were located in such county; or, if he had resided in Ohio, in a county through which no part of the railroad passed, or was located, and Cuyahoga county was the nearest county to his residence, then his case would have been cognizable in the courts of Cuyahoga county. It will be noted that in no place in the venue section is the word ''citizen'' used, but the word ''resident'' becomes important.

In 12 Corpus Juris, 1109, in commenting on the privilege and immunities clause, the author says:

''Nor does the guaranty extend to any right enjoyed otherwise than by reason of state citizenship, such as rights growing out of residence, the terms 'citizenship' and 'residence' not being synonymous.''

In the case of *Robinson, Admr.,* v. *Oceanic Steam Navigation Co.,* 112 N. Y., 315, the court, in upholding the statute denying to non-residents the right to bring actions in the courts of New York, says, at page 324:

"It is claimed, however, that Section 1780 of the Code, so far as it discriminates between resident and non-resident plaintiffs, is repugnant to Section 2 of Article 4 of the Federal Constitution, wherein it is provided that [quoting the immunities clause]. This section makes no discrimination between citizens, but between residents and non-residents."

This decision is cited with approval by the United States supreme court in the case of *Canadian Northern Ry. Co.* v. *Eggen,* 252 U. S., 553, 562.

In the case of *Tanner* v. *DeViney,* 101 Neb., 46, the court says:

"We are of opinion that the provision for six months' residence does not make the law unconstitutional. It touches residency, not citizenship. It would apply as well to a citizen of this state who is not a resident at the time as it would to a citizen of another state residing here."

In *Robertson* v. *Cease,* 97 U. S., 646, the court says, at 648: "Citizenship and residence, as often declared by this court, are not synonymous terms."

We, therefore, see that a citizen of Ohio, who might become a resident in Pennsylvania, and be injured in Pennsylvania, could not bring his action in the courts of Ohio. On the other hand, a citizen of Pennsylvania, who might be residing in the state of Ohio, and be injured in the state, would have a right to maintain his action in the courts of Ohio. Citizenship is not determinative of jurisdiction, but residence is the qualifica-

tion. But, even if it should be conceded that the immunities clause reaches the question of residence, how can it be said that a non-resident plaintiff is discriminated against in the operation of the venue statute? As heretofore stated he has but to bring himself within the terms of the statute, as any citizen of Ohio must do, and nothing more, to maintain his action in the courts of Ohio.

Why should a resident or citizen of the state of New York, New Jersey, Pennsylvania, or of many another state, have the right to bring an action in the courts of Cuyahoga county, Ohio, when a citizen of Cincinnati, Ohio, could not maintain an action in that court?

As was said in the case of *Chambers* v. *B. & O. Rd. Co.*, 207 U. S., 142, in the syllabus:

"The right to sue and defend in the courts of the states is one of the privileges and immunities comprehended by Section 2 of Art. IV of the Constitution of the United States, and equality of treatment in regard thereto does not depend upon comity between the states, but is granted and protected by that provision in the Constitution; subject, however, to the restrictions of that instrument that the limitations imposed by a state must operate *in the same way on its own citizens* and on those of other states. The state's own policy may determine the jurisdiction of its courts and the character of the controversies which shall be heard therein."

The case of *Missouri Pacific Rd. Co.* v. *Clarendon Boat Oar Co.*, 257 U. S., 533, decided by the supreme court of the United States, February 27, 1922, has been called to our attention in the supplemental brief. Chief Justice Taft delivered the opinion of the court. The question in the case in-

volved the construction of the annual laws of Louisiana, which provide that service on foreign corporations may be made on any agent which the corporation has designated, and require that every corporation doing business in the state shall file a written declaration with the secretary of state showing its domicile and the place or places where it is to do business, and designating its agent, resident and parish, where its business is to be done, service upon which agent, whether personal or domiciliary, shall be a valid service upon the corporation.

The Louisiana supreme court in construing this law, in the case of *State, ex rel. Watkins,* v. *North American Land & Timber Co., Ltd.,* 106 La., 621, held that the Louisiana statute was not intended to give the state courts jurisdiction over foreign corporations, by service on agents appointed thereunder, in transitory actions arising in another state.

Chief Justice Taft in the opinion in the *Clarendon Boat Oar case, supra,* says at page 225:

"The contention comes down to this, therefore, that it is a lack of due process for a state statute of procedure to fail to furnish a person, within the limits of the state, power to sue a non-resident corporation and take judgment for a cause of action arising in another state."

In discussing Section 2, Article IV of the Federal Constitution, Chief Justice Taft further says in the opinion, also at page 225:

"This secures citizens of one state the right to resort to the courts of another, equally with the citizens of the latter state; but where the citizens of the latter state are not given a process for reaching foreign corporations, it is not apparent how non-citizens can claim it. Provisions for making for-

eign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process. Still less is it incumbent upon a state, in furnishing such process, to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the state. * * * In these circumstances and this state of the authorities in this court, it is frivolous to claim that a statute of procedure, by its failure to give jurisdiction over foreign corporations, in transitory actions arising in another state, constitutes a lack of due process of which plaintiff in error can complain.''

We are of opinion that above case, on principle, as applied to the facts in the case under review, is determinative of the question.

The plaintiff in error in his brief seeks to distinguish the above case by simply stating that the question involved in the case under review here was not raised or touched upon, but does not show wherein in principle the pronouncement of the supreme court of the United States in the *Clarendon Boat case* is not applicable.

The decisions on this question are not uniform, and there is good authority for the proposition that such a section as the venue section here in question does discriminate against citizens of other states, and does violate the provisions of the immunities clause of the United States Constitution, but we are of opinion that the great weight of authority in cases like the one at bar is to the contrary.

The conclusion is that the venue section, Section 11273, General Code of Ohio, does not discriminate against citizens of other states and does not con-

travene the privileges and immunities clause of Section 2, Article IV of the United States Constitution.

The remaining question is, Does the Federal Employers' Liability Act of 1908, as amended in 1910, give any additional rights to a claim under this act to the jurisdiction of the state courts in an action brought by a citizen of another state for injuries happening outside the state?

The provision of the act which it is urged gives jurisdiction to the court of Cuyahoga county in this case is:

"The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several states." (36 Stats. at L., 291; Section 8074 Barnes' Fed. Code; Section 8662, U. S. Comp. Stat.)

This provision is not new to the courts of appeals of Ohio. In the case of *Casebolt* v. *Kanawha & Michigan Ry. Co.*, 5 Ohio App., 431, the court says in the first proposition of the syllabus:

"Jurisdiction of the state courts over the person of a railroad company engaged in interstate commerce to enforce the rights of employes arising under the federal employers' liability act of April 22, 1908, as amended in 1910, for injuries received while engaged in interstate commerce, is not enlarged by that act, but depends upon the jurisdiction prescribed by the state laws."

The cases are collated and commented on in the case of *Casebolt* v. *Ry. Co., supra,* in the opinion by Judge Pollock, and we are entirely in accord with the pronouncement in that case. The provision of the liability act that the jurisdiction of the United States courts shall be concurrent with that of the courts of the several states could mean only that

when the jurisdiction of the courts of the state is fixed by local laws, empowering them to hear and determine such cases, the federal act may be enforced as of right in the state courts.

There is a clear distinction between creating a cause of action and providing for its enforcement, as the legal right comes into existence by the enactment of the law, while the remedy is provided by establishing courts and bestowing jurisdiction upon them.

It certainly cannot be contended that the federal act undertook to establish state courts in which to hear the questions arising thereunder, and, as before stated, the only reasonable construction is that where the state court has jurisdiction under local laws it may hear and determine the action.

In addition to the case of *Casebolt* v. *Ry. Co.*, *supra,* this position is further supported by the following authorities: *Walton, Admx.*, v. *Pryor,* 276 Ill., 563; *White* v. *Mo. Pac. Ry.,* 178 S. W. Rep., 83; *C. & O. Ry. Co.* v. *Shaw,* 168 Ky., 537, 182 S. W. Rep., 653; *Second Employers' Liability Cases,* 223 U. S., 1, and annotations in L. R. A., 1918-E, 914.

The judgment of the court of common pleas in sustaining the motion to quash service will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges INGERSOLL, VICKERY and SULLIVAN, of the Eighth Appellate District.