### No. 364
### RIEGEL v. STATE ex.

Ohio Appeals, 6th Dist., Williams Co.

No. 151.  Decided Feb. 15, 1926

1085. SERVICE—Where a party fails to set up the jurisdiction (681) of a court in a motion to quash service, when he files an answer, he waives jurisdiction.

747. MANDAMUS—Where relief is to be granted, it is necessary to join all parties (887) so that such relief may be adequate.

681. JURISDICTION—In an action for mandamus, the action must be brought in the county where the breach of duty occurred.

WILLIAMS, J.

The State on relation of the prosecuting attorney of Williams County, Lisle M. Weaver, brought an action in mandamus against the various Boards of Education and the auditor of Williams County together with the State Superintendent of Schools to compel them to do certain things in regards to levying and collecting taxes in Northwest Township Rural School District in order that the Board of Education of said district could maintain the schools. The writ was allowed and Vernon Reigel, State Director of Education, was ordered to see that the levy was made so as to allow the district to partake of the equalization fund. Riegel prosecuted error upon the following grounds:

a. Was the service invalid because of 12290 GC. not being complied with?

b. Was the action properly brought against the state Director of Education under 11271 GC.?

c. The court erred in giving the relief prayed for. The Court of Appeals held:

1. Sec. 12290 GC. requires that the writ shall contain a copy of the petition and verification and a copy of the order of allowance.

2. In this case the petition and verification were omitted but a very complete order of allowance was attached.

3. Although the Director was not preju-

diced by this omission, the statute being jurisdictional, must be strictly construed.

4. However, at the same time that he filed his motion to quash service he filed a motion to make more definite and certain an answer and petition, without making protest that the court had not jurisdiction.

5. Under the rule laid down in Clippenger v. Sturgeon, 5 Ohio App. 433, he thereby entered his appearance.

6. Sec. 11271 GC. provides that an action against a public officer for neglect of his official duty must be brought in the county where the cause arose.

7. If all the various officers are not joined in one action complete relief cannot be had and it is proper to join the Director.

8. When one is entitled to a writ in mandamus to compel the levy of taxes he is entitled to one that will set all the machinery in motion to give him complete relief.

9. Riegel claims that discretion was reposed in him and cannot be controlled, which is true in ordinary cases, but a writ will lie when it is clearly shown that the refusal to perform is an abuse of discretion.

10. The decision of the lower court was not only not against the weight of the evidence, but there was ample evidence to ascertain it.

Judgment affirmed.

Attorneys—C. C. Crabbe; Chas. S. Best, Columbus for Reigel; L. M. Weaver and A. L. Gebhard, Bryan, and W. H. Shinn, Montpelier, for State ex.